IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CENTRE ONE, <br><br> Plaintiff, <br><br> v. <br><br> VONAGE HOLDINGS CORP., <br> VONAGE AMERICA INC., <br> VERIZON COMMUNICATIONS INC., <br> and <br> DELTATHREE INC., <br> Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:08-cv-467 LED |

**DEFENDANTS VONAGE HOLDINGS CORP. AND VONAGE AMERICA INC.'S
MOTION TO TRANSFER AND MEMORANDUM IN SUPPORT**

**I.    Introduction**

This is a case brought by a plaintiff with no apparent connection to the Eastern District of Texas, against three defendants who have no connection to the Eastern District of Texas, involving accusations of patent infringement against products with no particular connection to the Eastern District of Texas. Centre One filed its lawsuit here notwithstanding the fact that there is another jurisdiction that is most convenient for all defendants – a jurisdiction where most of the fact witnesses and evidence reside. That jurisdiction is the District of New Jersey. Specifically:

- Defendants Vonage Holdings and Vonage America both have a principal place of business in Holmdel, New Jersey;

- The documents describing the development, design, manufacturing, and sale of the accused Vonage products are all housed at Vonage's offices in New Jersey;

- All of Vonage's expected fact witnesses in this case – engineers, executives, marketing and financial personnel – work in Vonage's offices in New Jersey;

- Defendants Verizon Communications, Inc. ("Verizon") and DeltaThree, Inc. ("DeltaThree") have their principal places of business in New York City;

- Upon information and belief, Verizon's expected key fact witnesses reside in Basking Ridge, New Jersey and Philadelphia, Pennsylvania, just 41 miles and 33 miles respectively from the District Court in Trenton, New Jersey. Verizon's relevant documents are located in Basking Ridge, Philadelphia, and Arlington, Virginia;

- Upon information and belief, Deltathree's expected fact witnesses and relevant documents are located in New York City and Israel.

In contrast, neither the parties to this litigation nor the facts giving rise to it have any particular connection to the Eastern District of Texas. None of the parties or known witnesses are located in this jurisdiction, and the accused products were developed in the New Jersey area and sold throughout the country.

On similar facts to those presented here, both the Federal Circuit and this Court have recently held that a transfer of venue was proper under Fifth Circuit law. *See In re TS Tech USA Corp.*, 2008 WL 5397522 (Fed. Cir. Dec. 29, 2008) at *4; *Simmons v. Ford Motor Co.*, 2009 WL 173850 at *3 (E.D. Tex.); *Odom v. Microsoft Corp.*, 2009 WL 279968 at *5 (E.D. Tex. 2009). Each of the factors considered by courts in this Circuit weighs in favor of transfer of this matter to the District of New Jersey. First, Centre One could have filed its complaint in New Jersey, because venue and personal jurisdiction are proper there as to all defendants. Second, the private factors, including the convenience of witnesses and the location of evidence, weigh in favor of trying this case in New Jersey. Third, the public interest weighs in favor of resolving this dispute where the accused technology was developed and where the defendants are located.

Accordingly, Vonage respectfully requests that the Court transfer this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

US1DOCS 7060579v1

## II. Factual Background

### A. None of the Parties to This Lawsuit Is Located in This District.

None of the parties to this action is located in the Eastern District of Texas. Plaintiff Centre One is a Nevada corporation with a principal place of business in California. (Compl. ¶ 1.) Centre One is the assignee of the sole patent at issue in this litigation, U.S. Patent No. 7,068,668 ("the '668 patent"). (Compl. ¶ 9.) The named inventor of the '668 patent, Donald S. Feuer, is identified on the face of the patent as a California resident. (Ex. A to Compl.) Mr. Feuer is the CEO of Centre One, which is a privately held company. *See* Declaration of Sarah Beigbeder in Support of Defendants Vonage Holdings Corp. and Vonage America Inc.'s Motion to Transfer (hereinafter "Beigbeder Decl."), Exh. 1 (LinkedIn Profile for Don Feuer). It does not appear that Centre One makes or sells any products, or that it has any employees other than Mr. Feuer.

Defendants Vonage Holdings Corp. and Vonage America Inc. are Delaware corporations with a principal place of business in New Jersey. (*See* Defendants Vonage Holdings Corp. and Vonage America Inc.'s Affidavit in Support of Motion to Transfer Venue ("Vonage Aff."), ¶ 3.) Defendants Verizon Communications Inc. and Deltathree Inc. are both Delaware corporations with principal places of business in New York City. (Compl. ¶¶ 4-5.)

### B. None of the Events Giving Rise to this Litigation Took Place in This District.

Centre One accuses the defendants of infringing the '668 patent by "making, using, selling, and offering for sale a VoIP [Voice over Internet Protocol] service." (Compl. ¶¶ 13-14.) Each of these activities originates from and is coordinated through the parties' headquarters in New York and New Jersey.

From design through distribution, Vonage manages the accused products from Holmdel, New Jersey. Vonage designed and developed the accused VoIP technology in Holmdel and

- 3 -

Edison, New Jersey, and it coordinates the sale, manufacture, and marketing of the accused Vonage products from its New Jersey headquarters. (Vonage Aff. ¶¶ 4-5.) The accused Vonage products used in customers' homes are manufactured overseas and then sold and used throughout the United States. (*Id.* ¶ 6.)

Upon information and belief, Verizon and DeltaThree developed the accused VoiceWing technologies in New Jersey, New York, and Pennsylvania. They manage the sale, manufacture, and marketing of their accused products from those same locations, and sell the products nationwide.

### C. None of the Relevant Witnesses or Documents Are Located in the Eastern District of Texas

#### 1. Vonage Has Limited Contacts with the Eastern District of Texas

Vonage has limited contacts with this jurisdiction. Specifically, Vonage has no offices in the Eastern District of Texas. (Vonage Aff. ¶ 7.) Vonage has no stores in the Eastern District of Texas. (*Id.* ¶ 8.) Vonage has no warehouses or distribution centers in the Eastern District of Texas. (*Id.* ¶ 9.) Vonage does not have any of its switching equipment or media gateways in the Eastern District of Texas. (*Id.* ¶ 10.) Indeed, Vonage has no corporate presence or infrastructure at all in the Eastern District.

Vonage has only three employees in all of Texas; they all work out of their homes, and they have had no involvement in the development of the accused technology. (*Id.* ¶ 11.)[1] None of them is a likely witness in this case. (*Id.*)

#### 2. Verizon and DeltaThree

Defendants Verizon and DeltaThree have similarly limited contacts with this forum. Upon information and belief, Verizon's expected witnesses and physical and documentary

---

[1] The three Texas-based employees are a Vendor Manager, an Account Manager, and a Systems Architect who have had no involvement in the development of Vonage's call processing systems or customer-facing applications. (Vonage Aff. ¶ 11.)

US1DOCS 7060579v1

evidence reside in New Jersey, Pennsylvania, and Northern Virginia, and DeltaThree's expected witnesses and documents are located in New Jersey, New York, and Israel.[2]

### 3. CentreOne

Nothing in the Complaint suggests that Centre One or its witnesses have any genuine connection with the Eastern District of Texas. Centre One is incorporated in Nevada. (Compl. ¶1.) It is a patent holding company run by the sole inventor of the patent-in-suit, Donald Feuer, with a principal place of business in California. (Compl. ¶ 1.) Upon information and belief, Mr. Feuer is currently and was at the time of the prosecution of the '668 patent, a resident of California. ('668 patent; Beigbeder Decl., Exh. 1 (LinkedIn Profile for Donald Feuer).)

## D. Vonage's Contacts with New Jersey

Vonage, in contrast, has extensive contacts with the District of New Jersey. Vonage's corporate headquarters are located in Holmdel, New Jersey. (Vonage Aff. ¶ 4.) The accused technology was designed and developed in New Jersey. (*Id.*) Vonage employs 1287 people in its U.S. offices, *1269 of them in New Jersey.* (*Id.* ¶ 12.) Vonage's documents – including documents relating to the development, operation, sale, and marketing of the accused products – are all stored in New Jersey. (*Id.* ¶ 13.) All of Vonage's expected fact witnesses – its engineers, executives, marketing and financial personnel -- are based in New Jersey. (*Id.* ¶ 14.)

## E. Verizon and DeltaThree's Contacts with the New Jersey Area.

Verizon and DeltaThree also have strong ties to the Northern New Jersey area. Upon information and belief, Verizon's key witnesses are located in New Jersey and Philadelphia, and its relevant documents are stored in New Jersey, Philadelphia, and Arlington, Virginia. Upon

---

[2] Verizon and Deltathree are, of course, better able to describe to the Court the particular facts regarding the convenience of their witnesses and the location of their documents, and to explain why those circumstances weigh in favor of transfer of this matter to New Jersey. The defendants in this case each have different deadlines for responding to the Complaint, but Vonage expects that Verizon and Deltathree will join Vonage in requesting transfer of this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a), and that Verizon and Deltathree will provide their relevant facts to the Court when they do so.

information and belief, Deltathree's key documents and witnesses are located in New York City and in Israel. VoiceWing, the accused Verizon and Deltathree product, was developed in Basking Ridge, New Jersey, and Philadelphia.

### F.   Centre One

Mr. Feuer – who, as the sole inventor on the patent-at-issue and the CEO of the privately-held plaintiff company, may be the plaintiff's only fact witness in this action – is a California resident. Mr. Feuer will therefore need to travel by airplane to appear at trial regardless of whether this case proceeds in Texas or in New Jersey. As a result, for Mr. Feuer to travel to New Jersey instead of to Tyler will result in little, if any, additional inconvenience.

## III.   Argument and Authorities

### A.   Legal Standard for Transfer of Venue

Motions for transfer of venue are governed by 28 U.S.C. § 1404(a). Section 1404(a) provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought."

Under Fifth Circuit law, a motion to transfer venue should be granted upon a showing that the movant's proposed venue is "clearly more convenient" than the venue chosen by the plaintiff. *TS Tech*, 2008 WL 5397522 at *2, citing to *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) *("Volkswagen II")*. In making this determination, district courts in this Circuit consider both public interest and private interest factors. The private interest factors include: (i) the relative ease of access to sources of proof; (ii) the availability of compulsory process to secure the attendance of witnesses; (iii) the cost of attendance for willing witnesses; and (iv) all other practical problems that make a trial easy, expeditious, and inexpensive. *TS*

*Tech*, 2008 WL 539522 at *2.[3] The public interest factors include: (i) the administrative difficulties flowing from court congestion; (ii) the local interest in having localized interests decided at home; (iii) the familiarity of the forum with the law that will govern the case; and (iv) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign laws." *Id.* Both the private and the public factors weigh in favor of a transfer of venue in this case.

### B. The Plaintiff Could Have Filed This Action in the District of New Jersey

Section 1404(a) permits transfer of a case to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Centre One could have filed its complaint in the District of New Jersey, because subject matter jurisdiction, personal jurisdiction, and venue are proper there as to all defendants. In an action for patent infringement, subject matter jurisdiction is proper in any federal court. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States") and 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents"). The District of New Jersey has personal jurisdiction over Vonage by virtue of its residency in New Jersey, and, upon information and belief, personal jurisdiction over Verizon and DeltaThree for purposes of this action. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(a) because of the Defendants' extensive contacts

---

[3] The plaintiff's choice of forum is not a factor to be explicitly considered as part of this analysis. As the Federal Circuit noted in *TS Tech*, Fifth Circuit precedent "clearly prohibits treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis." *Id.* The plaintiff's choice of forum is not one of the eight factors the district court should consider in deciding a motion a motion to transfer, because deference to the plaintiff's choice of forum is already accounted for by the fact that the defendant bears the burden on a motion to transfer. *Id.* ("Rather, the plaintiff's choice of venue corresponds to the burden that the moving party must meet in order to demonstrate that the transferee venue is a clearly more convenient venue.") Moreover, when a plaintiff is not a resident of the chosen forum, or the operative facts underlying the case did not occur in the chosen forum, as is the case here, the court will give even less deference to a plaintiff's choice. *See In re Horseshoe Entm't*, 337 F.3d 429, 434-35 (5th Cir. 2003).

with the District of New Jersey. Accordingly, the statutory requirements for transfer under Section 1404(a) are met.

### C. The Private Interest Factors and the Regional Nature of This Case Favor Transfer.

The private interest factors considered by courts in this Circuit weigh heavily in favor of transfer. Although the accused products have been sold and used nationwide, nearly all of the evidence relevant to this case is located in or near Northern New Jersey. With all three defendants having principal places of business within 40 miles of one another in the New Jersey/New York area, and the relevant documents and witnesses residing in that area as well, the District of New Jersey is a "clearly more convenient" venue for the parties involved. Consistent with this Court's recent decision in *Partsriver*, in which the Court granted a motion to transfer, this is a case which is focused on a particular venue other than the venue chosen by the plaintiff. *See Partsriver, Inc. v. Shopzilla, Inc.*, 2009 WL 279110 at *2 (E.D. Tex. Jan. 30, 2009) (granting motion to transfer on the grounds that "overall nature [of the case]... considering all of the involved parties, [was] regional.").

#### 1. The Relative Ease of Access to Sources of Proof

First, all of Vonage's relevant physical and documentary evidence is located in New Jersey. Vonage stores its electronic and paper documents, as well the accused products, at its headquarters in New Jersey; none of this evidence is located in this District. Vonage's documents regarding the manufacture, marketing, sale, and operation of the accused products are all stored in New Jersey. This fact weighs heavily in favor of transfer. *See TS Tech*, 2008 WL 539522 at *2 (holding that district court should have weighed this factor in favor of transfer where "all of the physical evidence, including [the accused products] and the documentary evidence, [were] far more conveniently located near the [proposed transferee] venue"); *see also*

US1DOCS 7060579v1

*Partsriver,* 2009 WL 279110 at *2 (transferring patent infringement case to Northern District of California "where many documents related to [the] case [were] also located in California").

### 2. The Costs of Attendance for Willing Witnesses

The costs for witnesses to attend trial would also be much lower in the District of New Jersey. All of Defendants' likely fact witnesses are based in the New York and New Jersey area. Virtually all of Vonage's engineers and executives are based out of its New Jersey headquarters; Verizon's and DeltaThree's witnesses are based in New Jersey, Philadelphia, New York City, and Israel. Requiring these witnesses to travel to the Eastern District of Texas for trial would result in considerable and unnecessary expense.

Moreover, the Fifth Circuit has a "100-mile rule," which states that when the distance between an existing venue and a proposed venue is more than 100 miles, the inconvenience to witnesses is presumed to increase in direct relationship to the additional distance those witnesses must travel to attend court in the existing venue as opposed to the proposed venue. *TS Tech,* 2008 WL 539522 at *2, citing to *In re Volkswagen AG,* 371 F.3d 201, 204-05 (5th Cir. 2004) ("*Volkswagen I*"). As the *Volkswagen I* court noted, "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time for which these fact witnesses must be away from their regular employment." *See id.; see also Odom v. Microsoft Corp.,* 2009 WL 279968 at *5 (E.D. Tex. Jan. 30, 2009) (citing to *Volkwagen I*).

Holmdel, New Jersey; New York City; Philadelphia; and Basking Ridge, New Jersey – the locations of Defendants' key witnesses – are each approximately 1,500 miles from the District Court in Tyler. (Beigbeder Decl., Exh. 2 (Google Maps: Holmdel, NJ to Tyler, TX); Exh. 3 (Google Maps: New York, NY to Tyler, TX); Exh. 4 (Google Maps: Philadelphia, PA to Tyler, TX); Exh. 5 (Google Maps: Basking Ridge, NJ to Tyler, TX).) By contrast, they all are

US1DOCS 7060579v1

between 30 and 65 miles from the centrally located District Court in Trenton, New Jersey. (Beigbeder Decl., Exh. 6 (Google Maps: Holmdel, NJ to Trenton, NJ); Exh. 7 (Google Maps: New York, NY to Trenton, NJ); Exh. 8 (Google Maps: Philadelphia, PA to Trenton, NJ); Exh. 9 (Google Maps: Basking Ridge, NJ to Trenton, NJ).) Under the Fifth Circuit standard, it would be far more convenient for Defendants' many witnesses to attend trial in New Jersey than in Texas. *See TS Tech*, 2008 WL 539522 at *4 (holding that transfer was proper where most of the witnesses would have had to travel an additional 900 miles to attend trial in Texas rather than Ohio). As stated above, although Plaintiff's expected witness Mr. Feuer will have to travel from California to New Jersey instead of from California to Texas, airplane travel will be required for Mr. Feuer to attend court in either forum. In light of the fact that Mr. Feuer may be Plaintiff's sole fact witness in this action, any additional inconvenience to Plaintiff is minimal when compared to the inconvenience posed by three sets of Defendants' witnesses traveling to Texas.

Where, as here, a majority of the expected witnesses are located in one area, this factor weighs strongly in favor of transfer. In *TS Tech*, for instance, the Court ordered transfer from the Eastern District of Texas to the Southern District of Ohio in light of the fact that "[a]ll of the identified key witnesses in this case [were] in Ohio, Michigan, and Canada." *See TS Tech*, 2008 WL 539522 at *4. Similarly, in *Partsriver v. Shopzilla*, this Court found good cause for transfer where seven of the eight parties had principal places of business in California. *See Partsriver*, 2009 WL 279110 at *2 ("It is likely that many witnesses for both Partsriver and Defendants reside in California and/or Washington .... The Court finds that the overall nature of this case, considering all of the involved parties, is regional and would therefore be more conveniently handled by the Northern District of California."). As in *Odom*, "This is not a case where witnesses are spread out all over the country or the world." *Odom v. Microsoft Corp.*, 2009 WL

US1DOCS 7060579v1

279968 at *5 . Rather, this is a case in which the "majority of identified key witnesses in the case are much closer to [the proposed forum] than Texas." *Id.*

### D. The Public Interest Weighs in Favor of Transfer

The public interest would be best served by trying this matter in the District of New Jersey rather than in the Eastern District of Texas. As in *TS Tech*, the factors of court congestion, the familiarity of the forum with the relevant law, and the avoidance of conflict-of-laws problems are neutral in the analysis. *See TS Tech*, 2008 WL 539522 at *3 (affirming District Court's finding that "because patent claims are governed by federal law... both courts are capable of applying patent law to infringement claims) (internal quotations omitted); *see also Odom*, 2009 WL 279968 at * 6 (noting that, "in most patent cases, this factor will be neutral").

The local interests, however, weigh in favor of transferring this case to New Jersey. The Eastern District of Texas has no connection to this action other than that some small percentage of the allegedly infringing products were sold in this jurisdiction. The Federal Circuit has held that there is no "substantial interest" in having a case tried locally where the only connection to the forum is that the allegedly infringing product has been sold in the venue. *See TS Tech*, 2008 WL 539522 at *4. Applying *Volkswagen I* and *II*, the Federal Circuit held that because "the vehicles containing TS Tech's allegedly infringing headrest assemblies were sold throughout the United States... the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue." *Id.* at *4; *see also Odom*, 2009 WL 279968 at * 6. As in *TS Tech*, the accused products here have been sold and used throughout the United States. As a result, the citizens of this jurisdiction have no particular connection to this case.

In contrast, the citizens of New Jersey do have a local interest in this case. The alleged acts giving rise to Plaintiff's claim -- making, using, selling, or offering for sale Voice over IP

- 11 -

.

service -- took place in, or were coordinated from, New Jersey and New York, and most of the key witnesses in this case reside in or near New Jersey. New Jersey has an interest because its individual citizens are employed by the defendants in this action, and because its corporate citizens are defendants in this action. *See Simmons,* 2009 WL 173850 at *3 (finding that transferee forum had more of a "local interest" in hearing the case because facts giving rise to the claim took place in transferee forum and key witnesses resided there); *see also Odom,* 2009 WL 279968 at * 6 (finding defendant's arguments in support of transfer "persuasive" where the "events leading up to the infringement case" occurred in the proposed transferee forum, the transferee forum had "identifiable ties to the parties, events, and witnesses involved, none of the parties reside[d] in Texas, and no party [had] asserted a cause of action under Texas state law").

## IV.   Conclusion

For all of the foregoing reasons, Vonage respectfully requests that the Court transfer this action to the United States District Court for the District of New Jersey.

US1DOCS 7060579v1

Dated: February 23, 2009

Of Counsel:

Thomas M. Morrow
State Bar No. 24039076
YETTER, WARDEN & COLEMAN, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 632-8000
(713) 632-8002 (Fax)

David B. Bassett
WILMER CUTLER PICKERING HALE AND
DORR LLP
339 Park Avenue
New York, New York 10022
(212) 230-8858
(212) 230-8888

Michael J. Summersgill
Sarah A. Beigbeder
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
(617) 526-5000

Respectfully submitted,

/s/ R. Paul Yetter
R. Paul Yetter
State Bar No. 22154200
YETTER, WARDEN & COLEMAN, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 632-8000
(713) 632-8002 (Fax)

Attorney-in-Charge for Defendants
Vonage Holdings Corp. and
Vonage America Inc.

### Certificate of Conference

I certify that on February 23, 2009, I conducted the personal conference by phone required by Local Rule CV-7(h) with plaintiff's counsel, Chris Bunt, who indicated that plaintiffs oppose this motion.

/s/ Thomas M. Morrow
Thomas M. Morrow

### Certificate of Service

I certify that this pleading was filed electronically with the Court, and thus served simultaneously upon all counsel of record, this 23rd day of February, 2009.

/s/ Thomas M. Morrow
Thomas M. Morrow

- 13 -

US1DOCS 7060579v1