IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CENTRE ONE,<br><br>    Plaintiff<br><br>  v.<br><br>VONAGE HOLDINGS CORP.,<br>VONAGE AMERICA INC.,<br>VERIZON COMMUNICATIONS INC., and<br>DELTATHREE, INC.,<br><br>    Defendants. | Case No. 6:08-cv-467-LED<br>JURY |

**DEFENDANT VERIZON COMMUNICATIONS INC.'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Verizon Communications Inc. ("VCI") hereby moves to dismiss Plaintiff Centre One's Complaint for lack of personal jurisdiction.

Centre One alleges the Defendants infringe the claims of U.S. Patent No. 7,068,668 ("the '668 patent"). VCI, however, is a non-resident holding company that conducts no business and sells no services or products in Texas (or anywhere else). VCI lacks the "minimum contacts" with Texas that the law requires to justify the exercise of personal jurisdiction over a non-resident. Accordingly, the Court should dismiss Centre One's claims against VCI.

**STATEMENT OF FACTS**

Centre One is a Nevada corporation with its principal place of business in San Clemente, California. In a complaint filed on December 5, 2008, Centre One alleges the Defendants infringe the claims of the '668 patent by "offering for sale a VoIP service, including, but not limited to, a service under the name Verizon VoiceWing." Compl. at ¶ 14. Centre One asserts

that VoiceWing is "made, used, sold, and offered for sale" by VCI. *Id*. Centre One does not identify any other allegedly infringing products related to VCI in the complaint.

As the accompanying declaration of Jane A. Schapker ("Schapker Decl."), Assistant Corporate Secretary of VCI, sets forth, VCI does not make, use, sell, or offer for sale any service, or anything else, to consumers in Texas, or in any other state. VCI is a holding company that holds stock in its direct and indirect subsidiaries. Schapker Decl. at ¶ 3. It is separate and distinct from other Verizon entities, including Verizon's operating subsidiaries. *Id*. at ¶ 4. VCI does not make, market, advertise, sell, offer for sale or otherwise provide any goods or services of any kind to the public. *Id*. at ¶ 3.

VCI is a Delaware corporation with its principal place of business in New York, New York. *Id*. at ¶ 2. VCI does not conduct business in Texas, and is neither licensed nor qualified to do so. *Id*. at ¶ 5. VCI does not have a registered agent for service of process in Texas, does not have any offices in Texas, does not own any real property in Texas, does not have any employees in Texas, and does not advertise or solicit business in Texas. *Id*. VCI does hold title to certain patents, either solely or jointly with one or more subsidiaries, *Id*. at ¶ 3, and has joined in only one case to enforce a few of those patents. *See Verizon Servs. Corp. v. Charter Fiberlink TX-CCO, LLC*, Civil Action No. 5:08-CV-025.

## ARGUMENTS AND AUTHORITIES

I.   **VCI IS NOT SUBJECT TO PERSONAL JURISDICTION IN TEXAS**

Exercising personal jurisdiction over VCI is permissible only if Centre One can demonstrate that VCI purposefully established minimum contacts with Texas. As VCI, a holding company, does not have contacts sufficient to invoke personal jurisdiction with the State of Texas, Centre One does not, and cannot, show minimum contacts sufficient to establish that VCI is subject to personal jurisdiction in Texas.

2

**A.      Centre One Bears the Burden of Producing Facts to Support the Existence of Personal Jurisdiction over VCI**

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over a non-resident. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). To determine personal jurisdiction in a patent infringement case, Federal Circuit law governs. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008) (stating that the Federal Circuit applies Federal Circuit law to a personal jurisdiction issue "because the [personal] jurisdictional issue is intimately involved with the substance of the patent laws") (quotation omitted); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed Cir. 1998). Thus, Centre One must establish that, under Federal Circuit law, the Court has personal jurisdiction over VCI. Centre One fails to meet this burden.

**B.      The Relevant Personal Jurisdiction Analysis Focuses on Due Process**

According to Federal Circuit law, a district court must conduct a two-step inquiry to determine whether personal jurisdiction exists over an out-of-state defendant. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). First, a court must determine whether a forum state's long-arm statute permits service of process. *Id*. Second, a court must determine whether the assertion of personal jurisdiction offends traditional notions of fair play and substantial justice embodied in the Due Process Clause of the United States Constitution. *Id*. In jurisdictions where the relevant long-arm statute is co-extensive with due process requirements, the Federal Circuit's two-step test for personal jurisdiction collapses into one inquiry: whether the exercise of personal jurisdiction would offend due process. *Id*. Since the Texas long-arm statute extends to the limits of the Due Process Clause, this Court's inquiry must focus on whether the exercise of personal jurisdiction over VCI violates due process. *See* TEX. CIV. PRAC.

3

& REM. CODE ANN. § 17.042; *Inamed*, 249 F.3d at 1360; *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 716 (5th Cir. 1999).

The Due Process Clause poses two requirements for the proper assertion of personal jurisdiction:  (1) A non-resident defendant must engage in some "minimum contacts" by which it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws"; and (2) assertion of jurisdiction must comport with traditional principles of "fair play and substantial justice."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Because the facts do not demonstrate that VCI has established minimum contacts with Texas, it would be improper for this Court to exercise personal jurisdiction over VCI.

### C.   VCI Lacks Minimum Contacts with Texas

VCI lacks minimum contacts with Texas because its contacts with the state fail to create either specific or general jurisdiction, as required by the Due Process Clause.

Specific jurisdiction is created when a cause of action arises out of or is related to a defendant's contacts with the state.  *Freudensprung v. Offshore Technical Servs.*, 379 F.3d 327, 343 (5th Cir. 2004).  The Federal Circuit has set forth a three-factor test to determine whether such contacts exist:  If (1) a defendant "purposefully directed" its activities at residents of the forum; (2) the claim "arises out of or relates to" the defendant's activities with the forum; and (3) assertion of personal jurisdiction is "reasonable and fair," then the defendant's contacts are sufficient to establish specific jurisdiction.  *Inamed*, 249 F.3d at 1360 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995)).  The requirement that a defendant's contacts must be purposefully directed at the forum or its residents "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of

4

the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted).

Centre One asserts that "this Court has personal jurisdiction over each of the Defendants because each Defendant regularly conducts business in Texas and therefore has substantial and continuous contacts within this judicial district; because each Defendant has purposefully availed itself of the privileges of conducting business within this judicial district; and/or because each of the Defendants have directly infringed, contributed to the infringement of, and actively induced infringement of Centre One's patent within this judicial district." Compl. at ¶ 7. Besides this general, conclusory assertion, Centre One does not allege any facts establishing that VCI has contacts with Texas. This is because VCI does not have sufficient minimum contacts with Texas: VCI, a Delaware corporation that maintains its principal place of business in New York, does not conduct business in Texas, is not licensed or qualified to do business in Texas, and has no offices, real property, or employees in Texas, including offices, real property, or employees related to VoiceWing. Schapker Decl. at ¶ 5. Indeed, regardless of the bald assertions in its complaint, there are no facts that Centre One could allege to establish that VCI has sufficient minimum contacts with Texas. VCI is a holding company that holds stock in its direct and indirect subsidiaries. *Id*. at ¶ 3. VCI does not make, market, advertise, sell, offer for sale or otherwise provide any goods or services — including VoiceWing — to the public. *Id*.[1]

As VCI does not make, use, sell, or offer for sale any service, including Verizon VoiceWing or anything else, to consumers in Texas, Centre One cannot show that VCI

---

[1] In fact, VCI does not engage in the type of activity required to establish patent infringement in *any* jurisdiction, as it is a holding company that does not make, sell, or offer to sell any product or service. *See* 35 U.S.C. § 271(a) (identifying infringing activities under the Patent Statute).

5

purposefully directed its activities at Texas residents. The absence of contacts is fatal to any assertion of specific jurisdiction. *See, e.g.*, *C Const. Co. v. City of Jacksonville, N.C.*, No. 6:06-CV-313, 2007 WL 2077468, at *4 (E.D. Tex. July 18, 2007). Accordingly, there is no basis for the exercise of specific jurisdiction over VCI.

In order to exercise general jurisdiction, a court must make the even more demanding finding that a non-resident defendant's contacts with the forum state, although not related to the present litigation, are "substantial, continuous and systematic." *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001) (holding that for general jurisdiction, due process requires minimum contacts of a more extensive nature and quality than those required to establish specific jurisdiction); *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 218 (5th Cir. 2000). VCI does not have the "substantial, continuous and systematic" contacts necessary to support general jurisdiction.

VCI's contacts with Texas are therefore insufficient to exercise specific or general jurisdiction over the company. VCI lacks even "random," "fortuitous," or "attenuated" contacts with Texas. *Burger King*, 471 U.S. at 475. Moreover, Centre One cannot rely on the activities of VCI's subsidiaries to support jurisdiction over VCI. The law is clear that facts relating to a holding company's subsidiaries cannot establish personal jurisdiction over the holding company itself. *See Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998) (upholding dismissal for lack of personal jurisdiction where defendant was a holding company that had no presence or activity in the forum state); *Alpine*, 205 F.3d at 218 ("A [non-resident] parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the [non-resident] parent."); *Kelly v. Syria*

6

*Shell Petroleum Dev. B.V., et al.*, 213 F.3d 841, 856 (5th Cir. 2000) ("[S]o long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributable to the other."). As VCI's contacts with Texas do not satisfy the minimum contacts inquiry, asserting personal jurisdiction over VCI would not comport with due process.

      **D.**    **Courts Have Already Concluded VCI Lacks Contacts to Justify Personal Jurisdiction**

This Court, the United States District Court for the Northern District of Texas, and other courts have found minimum contacts lacking in circumstances analogous to this case and granted motions to dismiss accordingly.

In a similar patent infringement action filed against VCI in the Northern District of Texas, that court dismissed the action against VCI because no personal jurisdiction could be asserted over the company. *Phonetel Commc'ns, Inc. v. U.S. Robotics Corp.*, Civil Action No. 4:00-CV-1750-R, 2001 U.S. Dist. LEXIS 7233 (N.D. Tex. June 1, 2001). In *Phonetel*, the plaintiff opposed VCI's motion to dismiss by arguing, *inter alia*, that the VCI brand name had a large presence in Texas and that VCI was bound by its subsidiaries' conduct in Texas. The court rejected these arguments, relying in part on an affidavit VCI submitted with its motion to dismiss that was similar to the affidavit submitted with this Motion. Based on the affidavit and Federal Circuit law, the court dismissed Phonetel's claims against VCI because VCI's "contacts with Texas are lacking in quantity and quality to justify personal jurisdiction, and there is no evidence

7

that [VCI's] relationship with its subsidiaries would justify a finding of specific or general jurisdiction in Texas." *Id*. at *17.[2]

In addition, the Northern District of Texas has followed this same logic in two 2008 decisions that did not involve VCI but presented fact patterns similar to the instant matter. First, in a patent infringement action filed against Phillips Screw Company, the Northern District of Texas granted a motion to dismiss for lack of personal jurisdiction because the defendant did "not manufacture or sell any products" and otherwise had insufficient contacts with the forum. *PrimeSource Bldg. Prods., Inc. v. Phillips Screw Co.*, No. 3:07-CV-0303-M, 2008 WL 779906, at *7 (N.D. Tex. Mar. 25, 2008). Second, in a recent non-patent case before the Northern District of Texas, the court again found minimum contacts lacking and granted a motion to dismiss. *See Payne v. County of Kershaw, S.C.*, No. 3:08-CV-0792-G, 2008 WL 2876592, at *4-6 (N.D. Tex. July 25, 2008) (dismissing case against defendant for lack of personal jurisdiction where defendant was "located entirely within the State of South Carolina and does not conduct any business in Texas"). Similarly, VCI does not manufacture or sell any products in Texas, or conduct any business in Texas, and is located entirely within another state. Like *Phonetel*, these precedents also strongly support this Court's dismissal of Centre One's claims for lack of personal jurisdiction.

---

[2] Courts in Maryland and Florida have also held that VCI (then known as Bell Atlantic Corporation, or "Bell Atlantic") was not subject to personal jurisdiction based on the conduct of its subsidiaries. *See Newman v. Motorola, Inc.*, 125 F. Supp. 2d. 717 (D. Md. 2000) (granting Bell Atlantic's motion to dismiss for lack of personal jurisdiction because Bell Atlantic failed to exert the requisite control over its subsidiaries to justify piercing the corporate veil); *Bell Atlantic Corp. v. Associated Data Consultants, Inc.*, 714 So. 2d 523 (Ct. App. Fl. 1998) (reversing the denial of Bell Atlantic's motion to dismiss for lack of personal jurisdiction and remanding for dismissal because "[t]he record reflects insufficient evidence to support a conclusion that [Bell Atlantic] exercised control over its subsidiary company . . . sufficient to impose personal jurisdiction over the parent").

8

Finally, in at least three matters before this Court, plaintiffs chose to dismiss VCI as a defendant after VCI formally objected to the exercise of personal jurisdiction over it. *See Yellowone Invs. v. Verizon Commc'ns., Inc.*, Civil Action No. 2:06-CV-475-TJW (VCI dismissed by plaintiff after VCI filed a motion to dismiss for lack of personal jurisdiction); *TGIP, Inc. v. AT&T Corp.*, Civil Action No. 2:06-CV-105-LED (same); *MyMail, Ltd. v. America Online, Inc.*, Civil Action No. 6:04-CV-189 (same). In at least three other recent matters, plaintiffs chose to dismiss VCI as a defendant after VCI informally objected to the exercise of personal jurisdiction over it. *See Voxpath Networks Inc. v. Verizon Commc'ns., Inc.*, Civil Action No. 4:08-CV-00127-RAS (VCI removed from complaint upon discussion between counsel); *Red River Fiber Optic Corp. v. Verizon Commc'ns., Inc*, Civil Action No. 2:08-CV-00215-TJW-CE (same); *C2 Commc'ns Tech Inc. v. Global Crossing Telecommc'ns Inc.*, Civil Action No. 2:06-CV-00241 (same). As these six actions and the other decisions outlined above make clear, personal jurisdiction over VCI cannot be established in Texas. This Court should dismiss Centre One's claims accordingly.

### E.    The Court Need Not Address Whether Exercising Jurisdiction Over VCI Would Violate Traditional Notions of Fair Play and Substantial Justice

Due process also requires facts showing that it is "reasonable" to exercise personal jurisdiction over a defendant and would not violate "traditional notions of fair play and substantial justice" to do so. *Spademan*, 772 F.2d at 1191-93. Given the absence of minimum contacts by VCI in Texas, however, the Court need not consider this requirement. *See Burger King*, 471 U.S. at 476; *Nutrition Physiology Corp. v. Eniros Ltd.*, 87 F. Supp. 2d 648, 651 (N.D. Tex. 2000) ("Only if the non-resident defendant purposefully establishes minimum contacts with the forum state does the court consider whether maintenance of the suit comports with the traditional notions of fair play and substantial justice."). Because VCI's contacts with Texas fall

far short of establishing either general or specific jurisdiction, the Court need not reach the fair play and substantial justice prong of the due process analysis.

## II.     CONCLUSION

For the reasons stated above, Centre One has not demonstrated that the Court may exercise personal jurisdiction over VCI.  Accordingly, this Court should dismiss Centre One's claims against VCI.

Respectfully submitted,

Date:  March 2, 2009

By:  */s/ Damon Young*
Damon Young / SBN 22176700
YOUNG, PICKETT & LEE
4122 Texas Boulevard, P.O. Box 1897
Texarkana, TX  75504
(903) 794-1303
(903) 792-509 (fax)

Roderick R. McKelvie
George F. Pappas
Andrea G. Reister
Christina Olson
James P. Sullivan
David Weiss
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-6000
(202) 662-6291 (fax)

***ATTORNEYS FOR DEFENDANT VERIZON COMMUNICATIONS INC.***

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 2nd day of March, 2009.

                */s/ Damon Young*