**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CENTRE ONE, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| VONAGE HOLDINGS CORP., | § | Case No. 6:08-cv-467 (LED) |
| VONAGE AMERICA INC., | § | |
| VERIZON COMMUNICATIONS INC., | § | JURY TRIAL DEMANDED |
| DELTATHREE, INC. | § § § | |
| *Defendants.* | § § | |

## DELTATHREE, INC.'S ANSWER AND COUNTERCLAIM

Defendant deltathree, Inc. ("deltathree"), hereby answers the Complaint filed by Plaintiff Centre One ("Centre One" or "Plaintiff"), based upon actual knowledge as to itself and its own actions and upon information and belief as to all other persons and events, as follows:

## THE PARTIES

1.   Deltathree lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies such allegations.

2.   Deltathree lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies such allegations.

3.   Deltathree lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies such allegations.

4. Deltathree lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies such allegations.

5. Deltathree admits that it is a Delaware corporation. Deltathree denies the remaining allegations contained in paragraph 5 of the Complaint, but states that deltathree has a regular and established place of business at 419 Lafayette Street, 2nd Floor, New York, New York 10003.

## JURISDICTION AND VENUE

6. Deltathree admits that Centre One purports to state a claim under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and that this Court has subject matter jurisdiction over such claims under 28 U.S.C. §§ 1331 and 1338(a).

7. While deltathree provides its services to customers who are located in the State of Texas, deltathree denies that it has "directly infringed, contributed to the infringement of, and [or] actively induced infringement of Centre One's patent" within this judicial district or any other judicial district. Deltathree submits that the allegations in paragraph 7 of the Complaint contain only legal conclusions to which no response is necessary. With regard to deltathree, to the extent a response is required, deltathree denies the remaining allegations contained in paragraph 7 of the Complaint. Deltathree lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint with regard to defendants Vonage Holdings Corp. ("Vonage"), Vonage America Inc. ("Vonage America"), and Verizon Communications Inc. ("Verizon") and therefore denies such allegations.

8. Deltathree denies that it has "committed acts of infringement" in this judicial district or any judicial district. Deltathree submits that the remaining allegations in paragraph 8 of the

Complaint contain only legal conclusions to which no response is necessary. With regard to deltathree, to the extent a response is required, deltathree denies the remaining allegations contained in paragraph 8 of the Complaint. Deltathree denies that this is the proper venue for this action. Deltathree lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint with regard to defendants Vonage, Vonage America, and Verizon and therefore denies such allegations.

## FACTUAL BACKGROUND

9. Deltathree admits that U.S. Patent No. 7,068,668 ("the '668 patent") is entitled "Method and Apparatus for Interfacing a Public Switched Telephone Network and an Internet Protocol Network for Multi-Media Communication" and that a copy of the '668 patent is attached as Exhibit A to the Complaint. Deltathree specifically denies that the '668 patent was duly and legally issued. Deltathree lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 9, and therefore denies such allegations.

10. Deltathree lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies such allegations.

11. Deltathree lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11, and therefore denies such allegations.

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,068,668

12. Deltathree incorporates and restates its responses to allegations contained in paragraphs 1-11 of the Complaint.

13. Deltathree lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies such allegations.

14.     Deltathree admits that it provides VoIP service to customers, including Bell Atlantic Communications, Inc. d/b/a Verizon Long Distance (now Verizon Long Distance LLC), but denies that this VoIP service infringes the '668 patent. With regard to deltathree, deltathree denies the remaining allegations contained in paragraph 14 of the Complaint. Deltathree lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint with regard to defendant Verizon and therefore denies such allegations.

15.     With regard to deltathree, deltathree denies the allegations contained in paragraph 15 of the Complaint. Deltathree lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint with regard to defendants Vonage, Vonage America, and Verizon, and therefore denies such allegations.

16.     With regard to deltathree, deltathree denies the allegations contained in paragraph 16 of the Complaint. Deltathree lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint with regard to defendants Vonage, Vonage America, and Verizon, and therefore denies such allegations.

## DELTATHREE'S AFFIRMATIVE DEFENSES

17. For its affirmative defenses to the allegations of the Complaint, deltathree avers as follows:

### DELTATHREE'S FIRST AFFIRMATIVE DEFENSE

### (Patent Invalidity)

18. The '668 patent is invalid for failure to meet one or more of the requirements for patentability, including without limitation those requirements set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

### DELTATHREE'S SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

19. Deltathree has not infringed, actively induced infringement, and/or contributorily infringed and is not infringing, in any manner, any valid claim of the '668 patent, and no valid claim of the '668 patent can be properly construed to cover the manufacture, use, sale, importation, or offer for sale of any deltathree product or service.

### DELTATHREE'S THIRD AFFIRMATIVE DEFENSE

### (Inequitable Conduct)

20. Upon information and belief, the '668 patent is unenforceable due to inequitable conduct. During prosecution before the U.S. Patent and Trademark Office ("Patent Office") of the patent application that matured into the '668 patent, the alleged inventor of the '668 patent, Mr. Donald Feuer, and the attorneys and other individuals involved in the preparation or prosecution of the application for the '668 patent, made certain material, intentional misstatements and omissions to the Patent Office with the intent to mislead the Patent Office.

21.     For example, Mr. Feuer and/or his representatives twice abandoned the application for the '668 patent by failing to timely respond to May 17, 2002 and February 12, 2003 final office actions. In reviving the application for the second time, Mr. Feuer and his representatives submitted a declaration, dated August 31, 2005, alleging that (i) Mr. Feuer's "unavoidable delay in prosecuting the application from the date of the abandonment, May 12, 2003 to July 2004, was the result of prolonged, serious, and debilitating illness… [and] prevented [Mr. Feuer]…from engaging in any form of mental or physical activity, such as employment, leisure activity, or providing information and documents to his agents or attorneys" regarding the application for the '668 patent; (ii) "from July 2002 through May 2004, [Mr. Feuer] … was in constant pain and discomfort as a result of Crohn's disease and associated treatments and medications, thereby further preventing [Mr. Feuer]… from working with his counsel to respond to the February 12, 2003, Office Action or otherwise engage in extended physical or mental activities"; and (iii) "from January 2004 through May 2004 [Mr. Feuer]… was in constant pain and discomfort as a result of the evidenced treatments and associated medications. Thus, the extensive and serious medical treatments from 2002 through April 2004 prevented [Mr. Feuer] … from engaging in any demanding or extended mental or physical activities from January 2004 through May 2004".

22.     Attached to the Feuer declaration were Mr. Feuer's medical records and communications between Mr. Feuer and various attorneys. At best, those medical records suggest that Mr. Feuer was receiving medical treatment from August 2002 to September 2002 and September 2003 to early January 2004 -- a total combined period of just six months. Those records fail to establish that Mr. Feuer was unable to communicate with his counsel during that six month period for the purpose of continuing prosecution of his patent application. Nor do

those records provide any evidence to suggest that Mr. Feuer was unable to assist in prosecution during the other 17 months in the relevant time period (i.e., October 2002 to August 2003 and January 2004 to July 2004). Thus, contrary to the sworn statements made in his declaration, the evidence failed to show that Mr. Feuer's failure to continue prosecution of the application was caused by his illness and inability to obtain counsel. Upon information and belief, the material statements made in Mr. Feuer's declaration were false and misleading and made with intent to deceive the Patent Office into reviving the twice-abandoned application.

### **DELTATHREE'S FOURTH AFFIRMATIVE DEFENSE**

### **(Estoppel)**

23.     Centre One is estopped from construing the claims of the '668 patent to cover the manufacture, use, sale, importation, or offer for sale of any deltathree product, service or activity by reason of, *inter alia,* (i) amendments and/or statements made in and to the Patent Office, and (ii) conduct by the alleged inventor and/or his representatives before the Patent Office. Such conduct included, but is not limited to, a failure to submit timely responses to office actions, repeated abandonment of the application for the '668 patent, and submission of material, misleading statements and/or evidence to the Patent Office in an attempt to persuade an Examiner to revive the application for the '668 patent.

### **DELTATHREE'S FIFTH AFFIRMATIVE DEFENSE**

### **(Reservation of Rights)**

24.     Deltathree reserves the right to assert any and all additional affirmative defenses that may be ascertained during the course of discovery, including, but not limited to, unenforceability, laches, estoppel, unclean hands, waiver, misuse, standing, compliance with marking requirements of 35 U.S.C. § 287, etc.

## COUNTERCLAIMS

25. Defendant and Counterclaim-Plaintiff, deltathree, as and for its Counterclaim against Plaintiff and Counterclaim-Defendant, Centre One, alleges, upon knowledge as to itself and otherwise upon information and belief, as follows:

26. Deltathree is a corporation organized and existing under the laws of the State of Delaware, having a regular and established place of business at 419 Lafayette Street, 2nd Floor, New York, New York 10003.

27. Upon information and belief, Centre One is a Corporation organized under the laws of the State of Nevada and having its principal place of business at 10 Via Tunas, San Clemente, California 92673.

28. Jurisdiction as to this Counterclaim is conferred on this Court by 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

## COUNT ONE

### (Declaratory Relief -Non-infringement)

29. Deltathree incorporates by reference paragraphs 25-28 of the Counterclaim as if fully set forth herein.

30. Centre One purports to be the owner of U.S. Patent No. 7,068,668 ("the '668 patent").

31. On December 5, 2008, Centre One filed a Complaint in this Court seeking enforcement of the '668 patent against deltathree and other defendants, alleging, *inter alia*, that Verizon and deltathree "have made, used, sold, and offered for sale and are currently making, using, selling, and offering for sale a VoIP service, including, but not limited to, a service under the name Verizon VoiceWing" and that "[t]hrough these activities" Verizon and deltathree "have been

infringing, actively inducing others to infringe, and/or contributing to the infringement of the '668 patent." The Complaint further alleged that deltathree "will continue to infringe the '668 patent" and that deltathree "caused and will continue to cause Centre One irreparable injury and damage by infringing the '668 patent."

32.     An actual controversy now exists between Centre One and deltathree with respect to the infringement, validity, and enforceability of the '668 patent.

33.     Deltathree has not infringed, actively induced infringement, and/or contributorily infringed and is not infringing, in any manner, any valid claim of the '668 patent, and no valid claim of the '668 patent can be properly construed to cover the manufacture, use, sale, importation, or offer for sale of any deltathree product or service. Deltathree is entitled to a declaratory judgment to that effect.

34.     Deltathree seeks a declaration from this Court that it does not directly infringe, contributorily infringe, or induce infringement of any claim of the '668 patent either literally or under the doctrine of equivalents.

35.     In the alternative, deltathree seeks a declaration from this Court that any alleged infringement by deltathree would not be actionable by Centre One by virtue of one or more of the Affirmative Defenses listed above in the Answer and Counterclaims.

## COUNT TWO

### (Declaratory Relief - Invalidity and Unenforceability)

36.     Deltathree incorporates by references paragraphs 29-35 above.

37.     By filing the Complaint herein, Centre One asserts that the claims of the '668 patent are valid and enforceable. Deltathree denies that the claims of the '668 patent are valid or enforceable. Therefore, a real and immediate justiciable controversy exists between the parties.

38. One or more claims of the '668 patent are invalid for failure to meet the requirements of Title 35 of the United States Code, including, among other things, the requirements of Sections 101, 102, 103, and 112 contained therein and deltathree is entitled to a declaratory judgment to that effect.

39. The '668 patent is unenforceable due to inequitable conduct on the part of Mr. Feuer and/or his representatives, who submitted false or misleading material information to the Patent Office with the intent to deceive the Patent Office, including as set forth in paragraphs 20-22 above.

40. In the alternative, deltathree seeks a declaration from this Court that Centre One is precluded from seeking any relief for the alleged infringement by deltathree by virtue of one or more of the Affirmative Defenses listed above in the Answer and Counterclaims.

## **PRAYER FOR RELIEF**

**WHEREFORE,** deltathree requests that the Court enter judgment for deltathree and against Centre One as follows:

a) Dismissing Centre One's Complaint in its entirety with prejudice;

b) Declaring that deltathree has not and does not infringe (either literally or under the doctrine of equivalents), actively induce infringement of, or contributorily infringe any valid and enforceable claim of the '668 patent;

c) Declaring that Centre One is not entitled to the relief prayed for in its Complaint, or any relief whatsoever;

d) Declaring that no damages or royalties are due or owed by deltathree to Centre One for any of the acts alleged in the Complaint;

e) Declaring that the '668 Patent is invalid, unenforceable and/or not infringed;

    f)        Awarding deltathree all costs and fees, including reasonable attorneys' fees, incurred in connection with this action; and

    g)        Awarding such further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Deltathree demands a jury trial on all issues so triable.

DATED:  March 6, 2009

                Respectfully submitted,


<u>*/S/ Marvin S. Gittes,*</u>
<u>*with permission by Michael E. Jones*</u>
MARVIN S. GITTES (admitted *pro hac vice*)
Attorney-in-Charge
New York Bar No. 1808757
mgittes@mintz.com
TIMUR SLONIM (admitted *pro hac vice*)
New York Bar No. 3018140
tslonim@mintz.com
**MINTZ LEVIN COHN FERRIS**
**GLOVSKY AND POPEO, PC**
Chrysler Center
666 Third Avenue
New York, NY 10017
212-935-3000 (telephone)
212-983-3115 (facsimile)

MICHAEL E. JONES
Texas Bar No. 10929400
mikejones@potterminton.com
**POTTER MINTON PC**
110 N. College
500 Plaza Tower
Tyler, TX 75702
(903) 597-8311 (telephone)
(903) 593-0846 (facsimile)


**ATTORNEYS FOR DEFENDANT**
**DELTATHREE, INC.**

## **CERTIFICATE OF SERVICE**

    This is to certify that counsel of record who are deemed to have consented to electronic service are being served on this 6th day of March 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                          /s/ *Marvin Gittes,*_____
                                          *with permission by Michael E. Jones*