**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CENTRE ONE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:08-cv-467 LED |
| VONAGE HOLDINGS CORP., VONAGE AMERICA INC., VERIZON COMMUNICATIONS INC., and DELTATHREE, INC. | § § § § § § | |
| Defendants. | § | |

**DEFENDANT DELTATHREE, INC.'S
MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**

**I.   INTRODUCTION**

Pursuant to 28 U.S.C. § 1404(a), defendant deltathree, Inc. ("deltathree"), respectfully moves this Court to transfer this civil action from the United States District Court for the Eastern District of Texas to the United States District Court for the District of New Jersey.

This is a patent infringement action brought by Plaintiff, Centre One, a Nevada corporation having a principal place of business in California against four corporate defendants, each of which is a Delaware corporation having a principal place of business either in New Jersey or New York. None of the parties to this action have any identifiable or meaningful contacts with the Eastern District of Texas. Plaintiff has brought this action in clear disregard for an obviously more convenient jurisdiction, the District of New Jersey, where a substantial amount of defendants' documentary and physical evidence as well as most of their fact witnesses are located, and where the localized interests dictate having this case tried.

Specifically, deltathree has a principal place of business in New York, New York. It has a principal datacenter, which is the backbone of its system, located in Newark, New Jersey. Deltathree also maintains a smaller datacenter in New York City and a backup datacenter in Atlanta, Georgia. Deltathree has no other datacenters. Deltathree's employee who is responsible for maintaining, monitoring, upgrading, and installing software in deltathree's principal Newark datacenter resides in West New York, New Jersey. Deltathree's other technical and financial personnel, including its Chief Financial Officer, are located in New York City. Deltathree has a storage location in New York City, where it stores its technical, sales, financial, and marketing documentation as well as equipment. All of deltathree's expected witnesses are located in either New Jersey, New York, or Israel.

As opposed to the District of New Jersey, deltathree has no meaningful connections to the Eastern District of Texas: it has no offices; no datacenter locations; no retail locations; no storage; and no warehouse locations there. Further, deltathree does not have any employees who work or reside in Texas.

Upon information and belief, Vonage Holdings Corp. and Vonage America, Inc. (collectively, "Vonage") and Verizon Communications Inc. ("Verizon") have similar contacts with the State of New Jersey by virtue of having a place of business in New Jersey, making it likely that their physical and documentary evidence relating to their products and services are located in New Jersey.

Travel time and expenses for the defendants' fact witnesses would increase dramatically should they be called to testify at trial in the Eastern District of Texas. Because most of these witnesses, as well as physical and documentary evidence, are located in New Jersey or the New York City area, the District Court of New Jersey is clearly a more convenient venue for trial. As

in *Odom v. Microsoft Corp.*, the local interests of the State of New Jersey in the case dictate having this case tried in the District of New Jersey. 2009 WL 279968, *6 (E.D. Tex. Jan. 30, 2009). Deltathree and, upon information and belief, each of the other defendants have identifiable connections with New Jersey by virtue of having their offices and technology in New Jersey.

Upon information and belief, Mr. Donald S. Feuer, does not have any meaningful contacts with the Eastern District of Texas nor would he be inconvenienced by having to travel to the District of New Jersey instead of the Eastern District of Texas. Upon information and belief, Mr. Feuer is a shareholder of Centre One and a purported inventor of the patent-in-suit. He is a resident of San Clemente, California. It appears that Centre One has no products, no sales, and no commercial business operation.  Mr. Feuer's travel time is substantially the same whether he is to attend trial in Tyler, Texas or in New Jersey. As such, Mr. Feuer would not be inconvenienced by having to attend trial in the District of New Jersey.

For the aforementioned reasons, deltathree respectfully requests that this Court transfer the present case to the District of New Jersey for the convenience of the parties and in the interests of justice.

## II.    STATEMENT OF FACTS

Plaintiff Centre One is a corporation organized and existing under the laws of the state of Nevada and having a principal place of business at 10 Via Tunas, San Clemente, California 92673. (Complaint, ¶1). Centre One purports to own U.S. Patent No. 7,068,668 ("the '668 patent"), which issued on June 26, 2006. (Complaint, ¶9). On its face, the '668 patent names Mr. Donald S. Feuer as the sole inventor. (Complaint, Exh. A). Mr. Feuer is a shareholder of Centre One. (Complaint, ¶9). Upon further examination of the '668 patent and the continuation of the

'668 patent, U.S. Patent No. 7,486,667, which issued on February 3, 2009, it appears that Mr. Feuer is a resident of San Clemente, California. (See, Boris Matvenko Declaration in Support of Defendant Deltathree, Inc.'s Motion to Transfer Venue (hereinafter, "Matvenko Decl."), Exh. 1). It does not appear that Centre One has any employees other than Mr. Feuer, or that Centre One makes or sells any products.

Defendant deltathree is a Delaware corporation having a principal place of business at 419 Lafayette Street, New York, New York 10003. (See, Defendant Deltathree Inc.'s Declaration in Support of Motion to Transfer Venue (hereinafter, "Deltathree Decl."), ¶2). Deltathree's principal datacenter is located in Newark, New Jersey. (Deltathree Decl., ¶3). The principal datacenter in Newark is the backbone of deltathree's system and includes various voice gateways, servers, routers, and call controller equipment. Deltathree maintains other, smaller datacenters in New York City and Atlanta, Georgia. (Deltathree Decl., ¶3). Deltathree has no other datacenters. Deltathree personnel that service, maintain, monitor, upgrade and install software in deltathree's Newark datacenter reside in West New York, New Jersey. (Deltathree Decl., ¶10). Deltathree's other technical and financial personnel (including Mr. Richard Grant, deltathree's Chief Financial Officer) work in deltathree's New York City location. (Deltathree Decl., ¶11). Deltathree also has a storage facility for its documents and equipment located in New York City. (Deltathree Decl., ¶4). Deltathree anticipates that its fact witnesses that are expected to testify at trial on its behalf are located in either New Jersey, New York or Israel. (Deltathree Decl., ¶13). Deltathree does not have any employees, datacenter locations, or storage facilities in Texas. (Deltathree Decl., ¶¶5-9). Deltathree's New York City locations, its employee in West New York, New Jersey, and its datacenter in Newark, New Jersey are all within approximately 11 miles of each other. (Matvenko Decl., Exh. 2).

Upon information and belief, defendants Vonage Holdings, Corp. and Vonage America, Inc. ("Vonage") are Delaware corporations having a principal place of business in Holmdel, New Jersey. Upon information and belief, defendant Verizon Communications Inc. ("Verizon") is a Delaware corporation having a place of business in Basking Ridge, New Jersey. The Complaint alleges that Verizon and deltathree "have made, used, sold, and offered for sale and are currently making, using, selling, and offering for sale a VoIP service, including but not limited to, a service under the name Verizon VoiceWing." (Complaint, ¶14). Deltathree provides VoIP service and infrastructure to Verizon Long Distance for its VoiceWing Broadband Phone Service through deltathree's datacenters in Newark, NJ and New York City. (Deltathree Decl., ¶12).

New Jersey is at least as convenient for Centre One and Mr. Feuer as the Eastern District of Texas. Centre One and Mr. Feuer both appear to reside in San Clemente, California. The closest airport to San Clemente is Santa Ana John Wayne Airport, located in Santa Ana, California, which is only approximately 27 miles away from San Clemente. (Matvenko Decl., Exh. 3). A flight from John Wayne Airport to Tyler, Texas would take approximately 5 hours. (Matvenko Decl., Exh. 4). To attend trial in New Jersey, Mr. Feuer could take a 5-hour flight from Santa Ana John Wayne Airport to Newark Liberty International Airport, located in Newark, New Jersey. (Matvenko Decl., Exh. 5). Since there is no difference in travel time to New Jersey or to Tyler, Mr. Feuer would not be further inconvenienced by having to travel to New Jersey instead of Texas.

The Eastern District of Texas is clearly not a convenient forum for deltathree witnesses. To attend trial there, deltathree's witnesses located in Israel would take an indirect 19-hour flight from Tel Aviv International Airport, located in Tel Aviv, Israel to Tyler, Texas. (Matvenko Decl., Exh. 6). Deltathree's personnel located in Newark would board an indirect 8 hour 27

5

minute flight from Newark Liberty International Airport, located in Newark, NJ, to Tyler, Texas. (Matvenko Decl., Exh. 7). Deltathree's personnel located in New York, NY would board an indirect 5 hour 45 minute flight from LaGuardia International Airport, located in New York to Tyler, Texas. (Matvenko Decl., Exh. 8).

To attend trial in the District of New Jersey, deltathree's fact witnesses located in New Jersey and New York can simply drive a relatively short distance to the Court or take public transportation. Deltathree's witnesses located in Israel would board a direct 12-hour flight from Tel Aviv International Airport, located in Tel Aviv, Israel, to Newark Liberty International Airport and then take public transportation or drive a relatively short distance to the courthouse. (Matvenko Decl., Exh. 9).

Since Vonage's and Verizon's principal places of business are geographically close to deltathree's locations in New Jersey and New York, these defendants would have to make arrangements similar to those of deltathree for its witnesses to attend trial in Tyler, Texas. Attending trial in New Jersey would not involve any air travel for its witnesses located in the New Jersey and New York areas or even those located in Pennsylvania.

**III. ARGUMENT AND AUTHORITIES**

Section 1404(a), intended to govern motions to transfer venue, provides:

> "[F]or convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In *In re Volkswagen of Am., Inc.*, the Fifth Circuit outlined various private and public interest factors that district courts should consider when ruling on a motion to transfer. The private interest factors are: "(1) the relative ease of access to source of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for

6

willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign laws." *Id*. The Federal Circuit, in *In re TS Tech USA Corp.*, cautioned that while plaintiff's choice of venue is accorded deference, the Fifth Circuit precedent "clearly forbids treating the plaintiff's choice of venue as a distinct factor in the §1404(a) analysis." 551 F.3d 1315, 1320 (*citing In re Horseshoe Entm't*, 337 F.3d 429, 434-35 (5th Cir. 2003); *Volkswagen II*, 545 F.3d at 314, n.10). Additionally, the Fifth Circuit established a "100-mile" rule, which "requires that '[w]hen the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id*. (*citing In re Volkswagen AG*, 371 F.3d 201, 204-205 (5th Cir. 2004) (*Volkswagen I*)). The *TS Tech* Court cited to *Volkswagen I* and noted that "[a]dditional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id*.

Further, when civil actions involve multiple defendants that are situated in a similar geographic region, this Court has determined that "considering all of the involved parties" the nature of the case is regional and "would therefore be more conveniently handled by" the transferee district. *Partsriver, Inc. v. Shopzilla, Inc.*, 2009 WL 279110 (E.D. Tex. Jan. 30, 2009).

Jurisdiction is clearly proper in New Jersey. According to 28 U.S.C. 1331, the district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. 1338(a), the district courts "shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents." Thus, in an action for patent infringement, subject matter jurisdiction is proper in any federal court, including the District of New Jersey. Further, since deltathree has its principal datacenter in New Jersey and all other defendants have a principal place of business in New Jersey, the District of New Jersey has personal jurisdiction over all defendants. Lastly, in view of defendants' extensive contacts with the District of New Jersey, venue is also proper under 28 U.S.C. 1391 and 1400(a). Accordingly, Centre One could have filed this action in the District of New Jersey, since subject matter jurisdiction, personal jurisdiction, and venue are proper for all defendants in this District.

### A.    PRIVATE INTEREST FACTORS

The private interest factors outlined by the Fifth Circuit weigh heavily in favor of transferring this case from the Eastern District of Texas to the District of New Jersey.

With regard to the first factor concerning relative ease of access to sources of proof, deltathree has a multitude of meaningful contacts with the District of New Jersey. Deltathree's principal datacenter, which is the backbone of deltathree's system and provides VoIP service and infrastructure to Verizon Long Distance for the accused VoiceWing service, is located in Newark, NJ.  Deltathree employs a Manager of Network Infrastructure who resides in West New York, New Jersey and who is responsible for maintaining, monitoring, upgrading, and installing software in deltathree's principal datacenter located in Newark, NJ. Deltathree has a smaller datacenter located in New York City that provides such VoIP service and infrastructure.

Deltathree's backup datacenter is located in Atlanta. Further, deltathree has a storage location in New York City, where it stores its technical, sales, financial, and marketing documentation and equipment. Deltathree further includes an office in New York City that employs seven individuals, including its Chief Financial Officer, Mr. Richard Grant.

In contrast, deltathree has no meaningful contacts with the Eastern District of Texas. Specifically, deltathree has no offices, no datacenter locations, no retail locations, no storage locations and no warehouse facilities in the Eastern District of Texas. Further, deltathree has no employees who work or reside in Texas. As such, all physical and documentary evidence is "far more conveniently located" near the District of New Jersey rather than the Eastern District of Texas. *Odom v. Microsoft Corp.*, 2009 WL 279968 (E.D.Tex. Jan. 30, 2009) (*citing TS Tech*, 551 F.3d at 1321).

All of the other defendants have a place of business in New Jersey, making it likely that most of the physical and documentary evidence pertaining to their accused VoIP services are located in or close to New Jersey. Because deltathree's physical and documentary evidence is situated in a similar geographic region, the "overall nature of this action, considering all parties involved, is regional and would therefore be more conveniently handled" by the District of New Jersey. *Partsriver v. Shopzilla*, 2009 WL 279110 at *2 (E.D.Tex. Jan. 30, 2009).

The second private interest factor (i.e., the cost of attendance for willing witnesses) also weighs in favor of transferring this action to the District of New Jersey. Deltathree expects to call fact witnesses that are located in New Jersey, New York City, and Israel. To attend trial in the Eastern District of Texas, these witnesses would incur substantial and unnecessary travel and lodging expenses as well as consume a considerable amount of time that will increase "the time

9

which these fact witnesses must be away from their regular employment". *In re Volkswagen II*, 545 F.3d, 304, 317.

To attend trial in the Eastern District of Texas, deltathree's fact witnesses who are located in New Jersey and New York City would have to travel from over approximately 5 hours to over approximately 8 hours. This travel time does not include getting to and from respective airports in Newark, New York, and Tyler, which can significantly increase the time that these witnesses "must be away from their regular employment." *Id*. There is no such inconvenience if the trial is to be held in the District of New Jersey, as no air travel time is involved. The travel time for deltathree's fact witnesses located in Israel would increase almost by a third if these witnesses were to travel to the Eastern District of Texas as opposed to the District of New Jersey. A flight from Tel Aviv to Tyler is approximately 7 hours longer than from Tel Aviv to Newark. This increase in travel time would impose an even greater burden on these witnesses.

Further, Tyler, Texas is approximately 1501 miles away from Newark, New Jersey and approximately 1513 miles away from New York, New York. (Matvenko Decl., Exh. 10). Under the "100-mile rule", "which requires that '[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *TS Tech*, 551 F.3d 1315, 1320 (*citing In re Volkswagen AG*, 371 F.3d 201, at 204-205 (5th Cir. 2004)). Clearly, the 100 mile rule weighs in favor of trial in the District of New Jersey.

As noted above, Vonage's and Verizon's principal places of business are geographically close to deltathree's locations in New Jersey and New York. These defendants would have to make similar arrangements for their witnesses to attend trial in Tyler, Texas. Attending trial in

New Jersey would not involve any air travel for these defendants' fact witnesses located in the New Jersey and New York areas.

The convenience of Centre One's fact witnesses does not tip the balance of this factor. If Mr. Feuer is to be called at trial as Centre One's fact witness, his air travel time to the District of New Jersey and the Eastern District of Texas is approximately the same (i.e., about 5 hours). In fact, it would be more convenient for Mr. Feuer to travel to Newark rather than to Tyler as there are direct flights from John Wayne Airport (i.e., airport closest to Mr. Feuer's residence) to Newark whereas there are no direct flights to Tyler. As such, the differences in time traveled are insignificant and do not affect defendants' present motion for a change of venue.

As in *Partsriver*, the second private interest factor also warrants transfer of this action to the District of New Jersey in light of the regional nature of the involved parties and similar geographical location of potential fact witnesses for all defendants. This case "would therefore be more conveniently handled by the [proposed venue]." *Partsriver*, 2009 WL 279110, *2 (E.D.Tex. Jan. 30, 2009).

The remaining private interest factors in this case appear to be neutral.

### B.  PUBLIC INTEREST FACTORS

In determining venue, one of the public interest factors to be considered is a local interest in having this action decided in the District of New Jersey. In this case, New Jersey has "identifiable connections to the events giving rise to the suit." *Odom v. Microsoft Corp.*, 2009 WL 279968 (E.D. Tex. Jan 30, 2009) (*citing Volkswagen II*, 545 F.3d at 318). In *Odom*, the Court found local interests weighed in favor of transfer where defendants' proposed forum "has identifiable ties to the parties, witnesses and events involved here, none of the parties reside in

11

Texas and no party has asserted a cause of action under Texas state law…Texas has no 'relevant connection' to this case." *Id.* at *6 (*citing In re TS Tech*, 551 F.3d at 1321).

Here, as in *Odom*, the majority of defendants' fact witnesses are located in New Jersey or in the neighboring State of New York. Deltathree has its principal datacenter located in Newark, New Jersey and a smaller datacenter located approximately 11 miles away and across the Hudson River in New York, New York. (Matvenko Decl., Exh. 2). Deltathree's employee responsible for maintaining, monitoring, upgrading, and installing software in deltathree's principal datacenter in Newark, New Jersey resides in West New York, New Jersey. Deltathree has a smaller datacenter and its corporate headquarters located in New York City. In contrast, Texas has no meaningful connection to the Centre One's choice of forum and no party has asserted a cause of action under Texas state law. *Odom* at *6 (*citing In re TS Tech*, 551 F.3d at 1321). As such, this public interest factor points in favor of the District of New Jersey.

## IV.    CONCLUSION

Thus, transfer of venue can be accomplished without undue hardship to the Plaintiff and would avoid evidentiary burdens associated with the Plaintiff's choice of forum.

For all the foregoing reasons, deltathree respectfully requests that the Court transfer this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1404(a).

DATED:  March 6, 2009

Respectfully submitted,

/S/ *Marvin S. Gittes,*_____
 *with permission by Michael E. Jones*
MARVIN S. GITTES (admitted *pro hac vice*)
New York Bar No. 1808757
msgittes@mintz.com
TIMUR E. SLONIM (admitted *pro hac vice*)
New York Bar No. 3018140
teslonim@mintz.com
**MINTZ LEVIN COHN FERRIS**
**GLOVSKY AND POPEO, PC**
Chrysler Center
666 Third Avenue
New York, NY 10017
(212) 935-3000 (telephone)
(212) 983-3115 (facsimile)

MICHAEL E. JONES
Texas Bar No. 10929400
mikejones@potterminton.com
**POTTER MINTON PC**
110 N. College
500 Plaza Tower
Tyler, TX 75702
(903) 597-8311 (telephone)
(903) 593-0846 (facsimile)

**ATTORNEYS FOR DEFENDANT**
**DELTATHREE, INC.**

## CERTIFICATE OF SERVICE

This is to certify that counsel of record who are deemed to have consented to electronic service are being served on this 6th day of March 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

             /S/ *Marvin S. Gittes,*_____
             *with permission by Michael E. Jones*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for defendant deltathree, Inc. conferred with Plaintiff's counsel, Chris Bunt, on March 5, 2009, who indicated that Plaintiff opposes this motion.

             /S/ *Marvin S. Gittes,*_____
             *with permission by Michael E. Jones*

ACTIVE 4557941v.1