**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CENTRE ONE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VONAGE HOLDINGS CORP.,<br>VONAGE AMERICA INC.,<br>VERIZON COMMUNICATIONS INC.,<br>VERIZON LONG DISTANCE LLC,<br>GTE SOUTHWEST INCORPORATED<br>　(d/b/a VERIZON SOUTHWEST),<br>VERIZON CALIFORNIA INC.,<br>VERIZON DELAWARE LLC,<br>VERIZON FLORIDA LLC,<br>VERIZON MARYLAND INC.,<br>VERIZON NEW ENGLAND INC.,<br>VERIZON NEW JERSEY INC.,<br>VERIZON NEW YORK INC.,<br>VERIZON NORTH INC.,<br>VERIZON NORTHWEST INC.,<br>VERIZON PENNSYLVANIA INC.,<br>VERIZON SOUTH INC.,<br>VERIZON VIRGINIA INC., and<br>DELTATHREE INC.,<br><br>　　　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 6:08-CV-467 LED |

**VONAGE DEFENDANTS' MOTION TO SEVER**

Defendants Vonage Holdings Corp. and Vonage America Inc. ("Vonage") respectfully move the Court to sever CentreOne's claims against the Vonage defendants from CentreOne's claims against the remaining fifteen Verizon defendants and Verizon VoIP partner deltathree. Severance is justified to promote fairness, to uphold the purposes of § 1404(a), and to prevent CentreOne -- which belatedly added fourteen *Verizon* defendants in a transparent attempt to

make this a "national" case -- from undermining the holdings in *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) and *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008).

First, requiring Vonage to remain a part of the case against the fifteen Verizon entities and deltathree will cause it to suffer significant prejudice. CentreOne's new pleadings make clear that it intends to introduce purported evidence of a substantial history of failed negotiations with Verizon, testing of the alleged invention by Verizon prior to the release of the Verizon products, and alleged willful infringement by Verizon. None of this alleged conduct is related in any way to the separate allegations against Vonage. Moreover, the Vonage products and services accused of infringement are separate and different from the Verizon services and products accused of infringement. Evidence relating to Verizon's alleged pre-suit conduct, and the operation of its products and services, is irrelevant to the claims against Vonage. There is a significant risk, however, if such evidence is presented in a case that includes Vonage, that a jury may believe that such evidence applies equally to the Vonage entities. Severance will eliminate this risk of prejudice to Vonage.

Second, as set forth in its pending Motion to Transfer (Dkt. #29) to the District of New Jersey, requiring Vonage to litigate in this district, far away from essentially all of the evidence relevant to the dispute between CentreOne and Vonage, would be contrary to the § 1404(a) factors and would result in significant inefficiency and unnecessary expense. CentreOne effectively concedes this point in its opposition to Vonage's motion to transfer by focusing almost exclusively on the fourteen newly added Verizon entities, and by failing to address, let alone controvert, many of Vonage's arguments for transfer on the merits. (*See* Vonage's Reply to CentreOne's Opposition to Transfer.)

Finally, permitting CentreOne to avoid transfer of the case against Vonage by belatedly adding fourteen Verizon defendants, in response to Vonage's motion to transfer, would entirely undermine the important principles guiding the Fifth and Federal Circuit courts of appeals' holdings in both *Volkswagen II* and *TS Tech*. CentreOne's opposition to Vonage's motion to transfer did not seriously dispute that *the suit against Vonage* has no real connection to the Eastern District of Texas. Instead, it trumpeted the fact that its addition of fourteen Verizon defendants now makes this a "national" case. The addition of fourteen Verizon defendants completely unrelated to the case against Vonage, however, does not change the application of the § 1404(a) factors to CentreOne's dispute with Vonage. Allowing CentreOne to keep the case against Vonage in Texas by virtue of its procedural maneuverings – steps any plaintiff could take under similar circumstances – would render the holdings in *Volkswagen II* and *TS Tech* essentially meaningless. Severance will prevent this result.

For these reasons, severance is proper under Federal Rule of Civil Procedure 21.

## ARGUMENT

### A.    Severance Is Warranted To Avoid Prejudice Or Inefficiency.

A court "may at any time, on just terms, add or drop a party. [It] may also sever any claim against a party." Fed. R. Civ. P. 21. "A court may use Rule 21 to sever improperly joined parties or to cure improperly joined parties." *MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 456 (E.D. Tex. 2004). Rule 21 authorizes severance of an action to prevent prejudice to a party or to promote efficiency. *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) (severance to avoid prejudice); *Texas Instruments, Inc. v. Linear Techs. Corp.*, 2002 WL 34438843, *2 (E.D. Tex. 2002) (same); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 247 F.R.D. 420, 425 (S.D.N.Y. 2007) (severance in part to promote efficiency).

**B.      Severance Is Warranted to Avoid Prejudice to Vonage.**

Though this case is in its early stages, CentreOne's new pleadings make clear the prejudice that Vonage will suffer if not severed from the many Verizon-related defendants. CentreOne's significant amendment to its complaint has changed the nature of this suit.  By adding fourteen new Verizon entities, CentreOne has created a large and complex multi-party self-styled "national" litigation to which Vonage has almost no connection.  According to the Amended Complaint, sixteen of the eighteen defendants in this case – in other words, everyone but Vonage – make or sell Verizon VoiceWing and/or FiOS Digital Voice, the Verizon services accused of infringement.  The two Vonage defendants, on the other hand, sell a competing VoIP service that uses different equipment, with a different design, developed by different people, and will result in different non-infringement defenses.

Moreover, according to plaintiff, it disclosed its patent application and alleged invention to Verizon while negotiating a potential joint venture, but those talks ultimately failed.  (Dkt. #47 at 1-2, 5.)  It also intends to tell the jury that Verizon tested plaintiff's alleged invention before Verizon offered the Verizon services accused of infringement.  (*Id.* at 2.)  These allegations are at the center of plaintiff's dispute with Verizon and will apparently feature prominently in plaintiff's efforts to cast the fifteen Verizon entities and deltathree -- namely, all of Vonage's co-defendants -- as willful infringers.

None of these allegations has anything to do with Vonage.  Verizon's accused products and services are unrelated to the Vonage products accused of infringement.  There is also no allegation that the plaintiffs' patent application was disclosed to Vonage, that Vonage expressed any interest in the purported invention, or that Vonage had any knowledge of the claimed invention before developing its own products and services.  Evidence relating to Verizon's accused products and of Verizon's alleged business negotiations with plaintiff is irrelevant to any

- 4 -

issue in the CentreOne/Vonage dispute. Such evidence, however, could easily be misconstrued to suggest that all of the defendants expressed interest in the purported invention before developing their accused products, or that Vonage copied the purported invention after testing it. As a result, such evidence is both highly prejudicial to Vonage and likely to cause juror confusion.

Risk of juror confusion and prejudice to a co-defendant justify severance. In *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415 (D. Del. 2004), for instance, the court severed patent infringement claims against unrelated defendants prior to trial, recognizing that one defendant's lack of preparation could adversely affect the jury's perception of its co-defendant:

> [T]here is a substantial risk of prejudice to CMT were the jury to believe that CMT is somehow linked to Hango. Because Hango is [also] accused of patent infringement and will [likely offer a weak defense] at trial, there is the real prospect that the jury will assume that CMT is liable for patent infringement by association with Hango. The interests of justice will thus be served by severing CMT and Hango and conducting separate trials.

*Id.* at 418. *See also Reid v. GM Corp.*, 240 F.R.D. 260 at 263 (E.D. Tex. 2007) (finding the claims against Schwab sufficiently different from those against its co-defendants to merit severance). As in *Philips* and *Reid*, this case presents the real possibility that jurors will be unable to separate the evidence plaintiff intends to offer of purported negotiations, testing of its systems, and alleged willful infringement by Verizon from the wholly unrelated dispute with Vonage. Severance and transfer will eliminate this risk of prejudice.

### C.  Severance Will Further the Efficient Resolution of the Dispute Between CentreOne and Vonage.

Severance also is warranted to further the expeditious resolution of the CentreOne/Vonage dispute, and avoid subjecting Vonage to protracted satellite litigation. As set forth in Vonage's briefing on the motion to transfer, essentially all of the evidence relevant to

this dispute is located in or near New Jersey. The vast majority of Vonage's employees are located in New Jersey, its documents are located in New Jersey, and the facilities where the accused products are developed, marketed and sold are located in New Jersey. Indeed, CentreOne has not seriously contested that the case against Vonage, on its own, has no real connection to this District. As a result, resolving the dispute between CentreOne and Vonage will be less expensive and less disruptive in New Jersey. Consistent with § 1404(a), severance and transfer are warranted to permit this matter to be resolved in the most efficient manner.[1]

Moreover, CentreOne's tactic of adding fourteen regional Verizon entities is certain to generate complex issues that will need to be resolved in the dispute between CentreOne and Verizon, but which do not involve Vonage. First, as CentreOne acknowledges in its opposition to Vonage's motion to transfer, there will be litigation concerning which regional Verizon entities are subject to the Court's jurisdiction. Following that, there will continue to be complex issues arising from the new procedural posture of this case. For example, there will no doubt be considerable litigation concerning which, if any, of the Verizon entities should be held liable for which portions of any claimed lost profits or reasonable royalties. A lawsuit between CentreOne and Vonage has none of those issues and will allow the parties to focus on the questions of

---

[1]    In *MyMail*, this Court declined to sever claims against certain internet service providers who argued for severance based on improper joinder. 223 F.R.D. at 456. The Court noted the plaintiff's allegation that the three movants shared resources with the remaining four defendants, including dial-up Internet access numbers. *Id.* at 457. At that early stage of the proceedings, the record did not permit a determination whether the alleged disparities among the defendants' products and methods were sufficient to constitute improper joinder and merit severance. *Id.* Here, Vonage's motion for severance is not joinder-based, but stems from the unfair prejudice and inefficiency that will occur if it is forced to proceed with the Verizon defendants, given the nature of the evidence that plaintiff intends to present against them. Vonage is but two of eighteen defendants, and all the other defendants are alleged to use Verizon's methods and products and to have a prior history with plaintiff. Thus, about 90% of plaintiff's claims would remain in this case after the CentreOne/Vonage dispute is severed, quite unlike the situation in *MyMail*.

infringement and validity – which are the *only* questions raised by CentreOne's dispute with Vonage. This suit can be resolved efficiently and with lower costs and burdens to the parties.

> **D.     Severance Will Prevent CentreOne from Using Procedural Tactics -- Adding the New Verizon Entities -- to Avoid the Proper Application of § 1404(a).**

CentreOne's addition of the fourteen new Verizon entities, after Vonage filed its motion to transfer, is plainly a procedural maneuver designed to avoid the proper application of the § 1404(a) factors as set forth in *Volkswagen II* and *TS Tech.* Severance is warranted to ensure the proper application of § 1404(a).

Plaintiff filed its complaint – presumably based on the actual dispute it seeks to have resolved – against three entities located in or very near to New Jersey.  Under the *Volkswagen II* and *TS Tech* analysis, as set forth in Vonage's briefs regarding the motion to transfer, the proper venue for the dispute between CentreOne and Vonage is therefore New Jersey.  This dispute has *no* real connection to the case CentreOne seeks to bring against the Verizon entities, *no* connection to the claims against deltathree, and *no* connection to this District.   Allowing CentreOne to maintain the case against Vonage in Texas by virtue of its addition of unrelated defendants *after* Vonage filed its motion to transfer – a procedural maneuver any plaintiff could take when faced with a legitimate motion to transfer – would render the holdings in *Volkswagen II* and *TS Tech* essentially meaningless.

The *Volkswagen II* and *TS Tech* cases stand for the proposition that a dispute should not be tried in a forum which has no connection to the parties, the witnesses, or the facts.  *See, e.g., Volkswagen II*, 545 F.3d at 307 ("overarching question" decided by the *en banc* Court is whether transfer should be ordered where the case has "no connection to the parties, the witnesses, or the facts."). They also confirm that a plaintiff's determination that there is some tactical advantage to litigating in an inconvenient forum does not trump the convenience of the parties, availability

of the evidence, and connection to the dispute of another forum. *See id.* at 308. If a dispute can be maintained in an inconvenient forum simply because the plaintiff – in response to a motion to transfer – adds parties irrelevant to the dispute between it and the movant, then plaintiffs will do so at every opportunity. If such tactics are permitted, plaintiffs will be able to easily defeat legitimate motions to transfer and will have the ability to force defendants to litigate in inconvenient forums in direct contravention of *Volkswagen II* and *TS Tech*. Severing and transferring the Vonage defendants will avoid this unjust result.

## CONCLUSION

For reasons of efficiency and to avoid prejudice, the Vonage defendants respectfully move the Court to sever the claims against them into a separate action, which then can be transferred to the District of New Jersey for separate proceedings and resolution.

Dated: April 2, 2009

Of Counsel:

Thomas M. Morrow
State Bar No. 24039076
YETTER, WARDEN & COLEMAN, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 632-8000
(713) 632-8002 (Fax)

David B. Bassett
WILMER CUTLER PICKERING HALE AND
DORR LLP
339 Park Avenue
New York, New York 10022
(212) 230-8858
(212) 230-8888

Michael J. Summersgill
Sarah A. Beigbeder
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
(617) 526-5000

Respectfully submitted,

/s/ R. Paul Yetter
R. Paul Yetter
State Bar No. 22154200
YETTER, WARDEN & COLEMAN, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 632-8000
(713) 632-8002 (Fax)
pyetter@ywcllp.com

Attorney-in-Charge for Defendants
Vonage Holdings Corp. and
Vonage America Inc.

## Certificate of Conference

I certify that on March 30, 2009 and April 2, 2009 I conducted the personal conferences by phone required by Local Rule CV-7(h), separately with counsel for each party. Chris Bunt, counsel for plaintiffs, stated that they oppose the motion. Allen Gardner, counsel for deltathree, stated that they do not oppose this motion. Damon Young, counsel for the Verizon defendants, stated that they could not yet determine whether or not they opposed the motion; however, they stated they would advise the Court of their position within 24 hours.

/s/ Thomas M. Morrow
Thomas M. Morrow

## Certificate of Service

I certify that this pleading was filed electronically with the Court, and thus served simultaneously upon all counsel of record, this 2nd day of April, 2009.

/s/ Thomas M. Morrow
Thomas M. Morrow