**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| CENTRE ONE,<br><br>               Plaintiff,<br><br>   v.<br><br>VONAGE HOLDINGS CORP.,<br>VONAGE AMERICA INC.,<br>VERIZON COMMUNICATIONS INC.,<br>VERIZON LONG DISTANCE LLC,<br>GTE SOUTHWEST INCORPORATED (D/B/A<br>VERIZON SOUTHWEST),<br>VERIZON CALIFORNIA INC.,<br>VERIZON DELAWARE LLC,<br>VERIZON FLORIDA LLC,<br>VERIZON MARYLAND INC.,<br>VERIZON NEW ENGLAND INC.,<br>VERIZON NEW JERSEY INC.,<br>VERIZON NEW YORK INC.,<br>VERIZON NORTH INC.,<br>VERIZON NORTHWEST INC.,<br>VERIZON PENNSYLVANIA INC.,<br>VERIZON SOUTH INC.,<br>VERIZON VIRGINIA INC., and<br>DELTATHREE, INC.,<br><br>               Defendants. | Case No.:  6:08-cv-467 |

**PLAINTIFF CENTRE ONE'S SUR-REPLY TO**
**VERIZON COMMUNICATIONS INC.'S MOTION TO DISMISS**

This Court has personal jurisdiction over Centre One's patent infringement claim against VCI because (1) VCI has not controverted Centre One's allegations that its predecessor purposely engaged in lengthy negotiations with CentreCom to jointly commercialize the same technology covered by the patent-in-suit, and (2) VCI is inducing its Texas operating entities to infringe the patent-in-suit in Texas.  Either of these acts by VCI is sufficient to subject it to personal jurisdiction in Texas for infringement of the patent-in-suit.

VCI's reply papers provide no vehicle for evading this Court's jurisdiction.  With respect to the negotiations in Texas, VCI cannot escape responsibility for the acts of its predecessor in Texas just by pointing to a name change.  Moreover, though VCI intimates that other entities negotiated with Mr. Feuer and are responsible for the acts its SEC filings attribute to VCI, it is telling that VCI never identifies any such entities, even though such information would presumably within its control.  Additionally, VCI entirely fails to address the implication of Centre Com's charge of inducing infringement, instead tilting at windmills relating to veil piercing and alter ego theory – neither of which is relevant here.  *See Kinetic Concepts, Inc. v. Bluesky Med. Corp.*, No. SA-03-CA-832-RF, 2004 WL 2550586 (W.D. Tex. Sept. 24, 2004); *Ideal Instruments Inc. v. Rivard Instruments Inc.*, 434 F. Supp. 2d 598 (N.D. Iowa 2006).

In short, Centre Com has made a *prima facie* showing of personal jurisdiction, and the Court should deny VCI's motion to dismiss, or, in the alternative, grant jurisdictional discovery.

## I.      SPECIFIC JURISDICTION OVER VCI EXISTS DUE TO ITS NEGOTIATIONS WITH DONALD FEUER.

VCI purposefully availed itself of this forum by meeting and negotiating with Mr. Feuer in Texas to develop a joint venture to widely commercialize the technology underlying the patent-in-suit.   The claims now asserted against VCI in Centre One's First Amended Complaint are directly related to these contacts in Texas as they involve the same technology, products and intellectual property that were the subject of the negotiations.  The negotiations—and VCI's decision to break them off—were the first step in a course of conduct that culminated in VCI

1

inducing its operating entities to infringe the patent-in-suit.  The exercise of jurisdiction in these circumstances is proper.

VCI makes much of the fact that Mr. Feuer's declaration refers to interactions with "Verizon Communications" rather than "Verizon Communications Inc.," but VCI's regulatory filings show that VCI is merely a continuation of Verizon Communications.  Verizon Communications simply changed its name to Verizon Communications, Inc. in October 2000, a change that did not substantively alter the entity's structure.  *See* Doc. No. 47-2 at Ex. A (SEC report for "Bell Atlantic Corporation d/b/a Verizon Communications") & Ex. B (showing "Verizon Communications, Inc." was previously "Bell Atlantic Corporation").  Since VCI is nothing more than Verizon Communications's successor, it is responsible for Verizon Communications's acts.  *See, e.g.*, *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 652 (5th Cir. 2002) ("[F]ederal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego *or successor* of a corporation that would be subject to personal jurisdiction in that court.") (emphasis added); *Duris v. Erato Shipping, Inc.*, 684 F.2d 352, 356 (6th Cir. 1982) ("Any other ruling would allow corporations to immunize themselves [from liability] by formalistically changing their titles."), *aff'd sub nom. Passas Shipping Agency Ltd. v. Duris*, 461 U.S. 529 (1983); *Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256 (Fed. Cir. 1985) (finding that the exercise of personal jurisdiction over a successor corporation with no ties to the forum state was appropriate when the successor corporation was a "mere continuation" of the predecessor corporation and the exercise of personal jurisdiction would have been appropriate over the predecessor).

As to the other aspects of Centre One's allegations, VCI does not dispute that (1) its predecessor spent months discussing (mostly in Irving, Texas) a joint venture to market Mr. Feuer's then patent-pending invention on VoIP systems and methods, (2) its predecessor's executives learned of Mr. Feuer's pending patent application and saw a demonstration of the

invention under an NDA, and (3) its predecessor exchanged technical diagrams and specifications with Mr. Feuer and tested CentreCom's VoIP equipment over its broadband network in Texas.  (Doc. No. 47-11, at ¶¶ 3-4).  Instead, it plays a name-game, arguing that VCI itself was not involved in these acts while being "careful" not to dispute that each fact is true for its predecessor or explain which Verizon entity *was* involved in these activities, if not Verizon Communications.  This misdirection cannot undermine Centre One's *prima facie* case of personal jurisdiction, especially because the Court must accept as true Centre One's uncontroverted factual allegations and resolve any controverted allegations in Centre One's favor as this juncture.  *See Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).

VCI is left to argue that Mr. Feuer's declaration is too vague and conclusory, but its reliance on *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) is unavailing.  There, the *entirety* of plaintiffs' jurisdictional case rested on allegations "'on information and belief' that [defendant] knew that [plaintiffs] are Texas residents and knew its actions would intentionally cause harm to [plaintiffs] in Texas."  *Id.*  The plaintiffs did not present *any* evidence to support those charges.  *Id.*  Here, on the other hand, Centre One has submitted documents and declarations outlining Verizon Communications's contacts with CentreCom in Texas related to Centre One's claims.  Centre One's allegations are far from conclusory and must be treated as true when assessing whether it has stated a *prima facie* case of personal jurisdiction over VCI.

## II.   VCI IS INDUCING THE DIRECT INFRINGEMENT OF ITS OPERATING ENTITIES IN TEXAS

Specific personal jurisdiction over VCI exists because VCI induces its Texas operating entities to infringe the patent-in-suit in Texas.  As set forth fully in Centre One's opposition brief, the evidence indicates that VCI directs and controls the acquisition of VoIP infrastructure, and the marketing and sale of VoIP services through its operating entities.  These activities, combined with VCI's knowledge of the application which led to the patent-in-suit, constitute inducement.

VCI's reply brief simply ignores the allegation of inducement and proceeds as if Centre One is only alleging that VCI is a liable as a direct infringer because it is the alter ego of its directly infringing operating entities.  But Centre One has asserted that VCI is liable for inducement based on its ***own conduct***—intentionally encouraging its operating entities to maintain infringing networks and to sell infringing products, including in this District.  *Kinetic Concepts* and *Ideal Instruments* demonstrate that when the defendant induces another to infringe in the jurisdiction, the defendant is also subject to personal jurisdiction there.  *Kinetic Concepts, Inc. v. Bluesky Med. Corp.*, No. SA-03-CA-832-RF, 2004 WL 2550586, at *5-6 (W.D. Tex. Sept. 24, 2004) ("[K]nowing acts of inducement may subject an infringement inducer to long-arm jurisdiction based upon the in-state tort."); *Ideal Inst., Inc. v. Rivard Inst., Inc.*, 434 F. Supp. 2d 598, 614 (N.D. Iowa 2006) ("[W]here "indirect infringement" or "inducement of infringement" involves the defendant's own actions in directing or encouraging infringement by another in a particular forum . . . it follows that the inducer has directed his activities at the forum just as certainly as the infringer has.").  Neither case relied on the fact that the defendant was a manufacturer:  it was enough that those defendants, like VCI, were inducing others to directly infringe in the forum.  VCI is therefore subject to personal jurisdiction in Texas because it induces infringement there, regardless of whether it is the alter ego of its operating entities.

None of the alter ego or veil-piercing cases VCI cites in reply (namely *Cannon, Hargrave*, and *Alpine View*) hold otherwise because none deals with a charge of inducement. Indeed, *Kinetic Concepts* explicitly found jurisdiction based solely on inducement even after rejecting the plaintiff's alter ego theory.  2004 WL 2550586, at *7, *4-5.

Despite VCI's attacks on Centre One's evidence of inducement, Centre One has established the *prima facie* case necessary to establish personal jurisdiction.  Again, the Court must take Centre One's allegations as true at this stage.  *Revell*, 317 F.3d at 469.  It must therefore credit deltathree's representation to the SEC that it has a contract "with Verizon Communications Inc." rather than VCI's contrary attorney argument.  Likewise, it must take VCI's SEC filings—which suggest that VCI built the network for FiOS—at face value, rather

4

than crediting VCI's efforts to explain away the plain language of its annual report without providing an iota of evidence showing that an entity other than VCI is responsible for these activities.  And it should not be taken in by VCI's attempt to distance itself from Mr. Mead through yet another shell game.  That Mr. Mead, who is an officer of VCI, is also the president of the VCI business unit responsible for FiOS, only serves as further evidence that VCI is calling the shots and inducing infringement in Texas.   At best, VCI's arguments go the merits of Centre One's inducement claim, and not to whether this Court can exercise personal jurisdiction to decide it.

### III.    IN THE ALTERNATIVE, CENTRE ONE REQUESTS JURISDICTIONAL DISCOVERY

Centre One respectfully submits that it has presented a *prima facie* case of jurisdiction over VCI.  However, should the Court disagree, Centre One requests that it be allowed to take jurisdiction discovery, as outlined in Centre One's opposition brief, especially since most of the evidence regarding the activities of VCI and its operating entities is in VCI's control.  Centre One believes that the hearing proposed by VCI in its reply brief is unnecessary.

### IV.    CONCLUSION

For the reasons set forth above and in Centre One's opposition to VCI's motion to dismiss and its accompanying declarations, Centre One respectfully requests that the Court deny VCI's motion to dismiss or allow it to take jurisdictional discovery.

Dated:  April 13, 2009

FISH & RICHARDSON P.C.

By: */s/ Jennifer K. Bush*
　　Thomas M. Melsheimer
　　Tex. Bar No. 13922550
　　R. Ritch Roberts III
　　Tex. Bar No. 24041794
　　FISH & RICHARDSON P.C.
　　1717 Main Street
　　Suite 5000
　　Dallas, TX 75201
　　Tel: (214) 747-5070
　　Fax: (214) 747-2091

　　Robert M. Parker
　　Tex. Bar No. 15498000
　　PARKER, BUNT & AINSWORTH, P.C.
　　100 E. Ferguson
　　Suite 1114
　　Tyler, TX 75702
　　Tel: (903) 531-3535
　　Fax: (903) 533-9687

　　Jennifer K. Bush (Pro Hac Vice)
　　FISH & RICHARDSON P.C.
　　12390 El Camino Real
　　San Diego, CA 92130
　　Tel: (858) 678-4050
　　Fax: (858) 678-5099

Attorneys for Plaintiff
Centre One

6

Of Counsel:

Juanita R. Brooks
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Robert E. Hillman
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Tel: (617) 542-5070
Fax: (617) 542-8906

Michael J. Kane
William R. Woodford
FISH & RICHARDSON P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

7

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this April 13, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on the same date.

/s/ Jennifer K. Bush
Jennifer K. Bush