IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CENTRE ONE,<br><br>                Plaintiff<br><br>   v.<br><br>VONAGE HOLDINGS CORP.,<br>VONAGE AMERICA INC.,<br>VERIZON COMMUNICATIONS INC.,<br>VERIZON LONG DISTANCE LLC,<br>GTE SOUTHWEST INCORPORATED<br>(D/B/A VERIZON SOUTHWEST).<br>VERIZON CALIFORNIA INC.,<br>VERIZON DELAWARE LLC,<br>VERIZON FLORIDA LLC,<br>VERIZON MARYLAND INC.,<br>VERIZON NEW ENGLAND INC.,<br>VERIZON NEW JERSEY INC.,<br>VERIZON NEW YORK INC.,<br>VERIZON NORTH INC.,<br>VERIZON NORTHWEST INC.,<br>VERIZON PENNSYLVANIA INC.,<br>VERIZON SOUTH INC.,<br>VERIZON VIRGINIA INC., and<br>DELTATHREE, INC.,<br><br>                Defendants. | Case No. 6:08-cv-467-LED<br>JURY |

**DEFENDANTS VERIZON CALIFORNIA INC., VERIZON DELAWARE LLC,
VERIZON FLORIDA LLC, VERIZON MARYLAND INC., VERIZON NEW ENGLAND
INC., VERIZON NEW JERSEY INC., VERIZON NEW YORK INC., VERIZON
NORTHWEST INC., VERIZON PENNSYLVANIA INC., VERIZON SOUTH INC.,
AND VERIZON VIRGINIA INC.'S MOTION TO DISMISS
<u>FOR LACK OF PERSONAL JURISDICTION AND BRIEF IN SUPPORT</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendants Verizon California Inc.,

Verizon Delaware LLC, Verizon Florida LLC, Verizon Maryland Inc., Verizon New England

Inc., Verizon New Jersey Inc., Verizon New York Inc., Verizon Northwest Inc., Verizon

Pennsylvania Inc., Verizon South Inc., and Verizon Virginia Inc. (hereinafter "the Regional Operating Entities") hereby move to dismiss the claims against them in Plaintiff Centre One's First Amended Complaint for lack of personal jurisdiction.[1]

The Regional Operating Entities are foreign corporations that conduct no business and sell neither services nor products in Texas. The Regional Operating Entities lack the "minimum contacts" with Texas required to justify exercising personal jurisdiction over a non-resident defendant. Accordingly, the Court should dismiss Centre One's claims against the Regional Operating Entities.

## STATEMENT OF FACTS

In its First Amended Complaint filed on March 24, 2009, Centre One alleges the Regional Operating Entities infringe the claims of the '668 patent by "making, using, selling, and offering for sale a VoIP service, including, but not limited to, a service under the name Verizon FiOS Digital Voice. Through these activities, [the Regional Operating Entities] have been infringing, actively inducing others to infringe, and/or contributing to the infringement of the '668 patent." Amended Compl. at ¶ 29. Centre One asserts personal jurisdiction on the basis that "each Defendant regularly conducts business in the state of Texas and therefore has substantial and continuous contacts within this judicial district; because each Defendant has purposefully availed itself of the privileges of conducting business in this judicial district; and/or because each of the Defendants have directly infringed, contributed to the infringement of, and actively induced infringement of Centre One's patent within this judicial district." *Id.* at ¶ 21.

Each of the eleven Regional Operating Entities is a separate and distinct legal entity that provides local telecommunications services only to customers within its respective geographic

---

[1] On March 2, 2009, Defendant Verizon Communications Inc. ("VCI") moved to dismiss Plaintiff Centre One's original complaint. Docket No. 34. After Plaintiff Centre One filed its First Amended Complaint, VCI moved to dismiss for the reasons stated in its original motion. Docket No. 60. The other Verizon Defendants, Verizon Long Distance LLC, GTE Southwest Incorporated (d/b/a/ Verizon Southwest), and Verizon North, Inc. will file an answer to the First Amended Complaint.

territory.  Each subsidiary is incorporated individually, governed by its own group of officers and directors, and regulated by the particular state or states in which it operates:

- Verizon California Inc. is incorporated in and organized under the laws of the State of California.  Declaration of Jane A. Schapker ("Schapker Decl.") at ¶ 2.

- Verizon Delaware LLC is incorporated in and organized under the laws of the State of Delaware.  *Id.* at ¶ 3.

- Verizon Florida LLC is incorporated in and organized under the laws of the State of Florida.  *Id.* at ¶ 4.

- Verizon New England Inc. is incorporated in and organized under the laws of the State of New York.  *Id.* at ¶ 5.

- Verizon New York Inc. is incorporated in and organized under the laws of the State of New York.  *Id.* at ¶ 6.

- Verizon Northwest Inc. is incorporated in and organized under the laws of the State of Washington.  *Id.* at ¶ 7.

- Verizon South Inc. is incorporated in and organized under the laws of the Commonwealth of Virginia.  *Id.* at ¶ 8.

- Verizon Maryland Inc. is incorporated in and organized under the laws of the State of Maryland.  Declaration of David S. Kauffman ("Kauffman Decl.") at ¶ 2.

- Verizon New Jersey Inc. is incorporated in and organized under the laws of the State of New Jersey.  *Id.* at ¶ 3.

- Verizon Pennsylvania Inc. is incorporated in and organized under the laws of the Commonwealth of Pennsylvania.  *Id.* at ¶ 4.

- Verizon Virginia Inc. is incorporated in and organized under the laws of the Commonwealth of Virginia.  *Id.* at ¶ 5.

None of the Regional Operating Entities has any offices, owns any real property, has any employees, or advertises, solicits, provides, or sells any goods or services in Texas.  *Id.* at ¶¶ 8-11; Schapker Decl. at ¶¶ 11-17.

**ARGUMENTS AND AUTHORITIES**

**I.   THE REGIONAL OPERATING ENTITIES ARE NOT SUBJECT TO PERSONAL JURISDICTION IN TEXAS**

Centre One does not, and cannot, show minimum contacts sufficient to establish that the Regional Operating Entities are subject to personal jurisdiction in Texas, and its claims against the Regional Operating Entities should therefore be dismissed.

3

A.   **The Exercise of Personal Jurisdiction Must Comport with Due Process**

The Due Process Clause imposes two requirements for the proper assertion of personal jurisdiction: (1) a non-resident defendant must engage in some "minimum contacts" by which it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws"; and (2) assertion of jurisdiction must comport with traditional principles of "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).

Personal jurisdiction in a patent infringement case is governed by Federal Circuit law. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008) (stating that the Federal Circuit applies Federal Circuit law to a personal jurisdiction issue "because the [personal] jurisdictional issue is intimately involved with the substance of the patent laws") (quotation omitted); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed Cir. 1998). To determine whether general personal jurisdiction exists over an out-of-state defendant, a court must conduct a two-step inquiry. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). First, the court must determine whether the forum state's long-arm statute permits service of process. *Id*. Second, the court must determine whether the assertion of personal jurisdiction offends traditional notions of fair play and substantial justice embodied in the Due Process Clause of the United States Constitution. *Id*. In jurisdictions where the relevant long-arm statute is co-extensive with due process requirements, the Federal Circuit's two-step test for general personal jurisdiction collapses into one inquiry: whether the exercise of personal jurisdiction would offend due process. *Id*. Since the Texas long-arm statute extends to the limits of the Due Process Clause, this Court's inquiry must focus on whether the exercise of personal jurisdiction over the Regional Operating Entities violates due process. *See* TEX. CIV. PRAC. &

4

REM. CODE ANN. § 17.042; *Inamed*, 249 F.3d at 1360; *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 716 (5th Cir. 1999).

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over a non-resident. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). Because the facts here do not demonstrate that any of the Regional Operating Entities have established any minimum contacts with Texas, and thus there is no evidence that any Regional Operating Entity has availed itself of the benefits or protections of the state, it would be improper for this Court to exercise personal jurisdiction over the Regional Operating Entities.

**B.     The Regional Operating Entities Lack Minimum Contacts with Texas**

The Regional Operating Entities lack minimum contacts with Texas. As a result, neither specific nor general jurisdiction provides a basis for the fair and appropriate exercise of personal jurisdiction over the Regional Operating Entities, as required by the Due Process Clause.

Specific jurisdiction is created when a cause of action arises out of or is related to the defendant's purposefully directed activities with the state. *Freudensprung v. Offshore Technical Servs.*, 379 F.3d 327, 343 (5th Cir. 2004). Sufficient contacts exist only if (1) a defendant "purposefully directed" its activities at residents of the forum; (2) the claim "arises out of or relates to" those activities; and (3) assertion of personal jurisdiction is "reasonable and fair." *Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006). "The first two factors correspond with the 'minimum contacts' prong of the *International Shoe* analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Inamed*, 249 F.3d at 1360 (citing *Akro Corp. v. Lukar*, 45 F.3d 1541, 1545 (Fed. Cir. 1995)).

The Regional Operating Entities have not purposefully directed any activities toward residents of Texas. The Regional Operating Entities provide local telephone services to customers only within those limited states that it serves. Schapker Decl. at ¶ 10; Kauffman Decl. at ¶ 7. None of the Regional Operating Entities are licensed or even qualified to do business in Texas, and in fact do not conduct, advertise or solicit any business in or from Texas. Schapker Decl. at ¶¶ 11-17; Kauffman Decl. at ¶¶ 8-11. Therefore, the Regional Operating Entities have neither regularly conducted business nor availed themselves of the privilege of conducting business in Texas. This absence of contacts is fatal to an assertion of specific jurisdiction. *See, e.g.*, *C Const. Co. v. City of Jacksonville, N.C.*, No. 6:06-CV-313, 2007 WL 2077468, at *4 (E.D. Tex. July 18, 2007). Accordingly, there is no basis for the exercise of specific jurisdiction over the Regional Operating Entities.

In order to exercise general jurisdiction, a court must make the even more demanding finding that a non-resident defendant's contacts with the forum state, although not related to the present litigation, are "substantial, continuous and systematic." *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001) (holding that for general jurisdiction, due process requires minimum contacts of a more extensive nature and quality than those required to establish specific jurisdiction); *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 218 (5th Cir. 2000). As explained above, the Regional Operating Entities lack any "substantial, continuous and systematic" contacts with Texas necessary to support general jurisdiction here. *See supra* at p. 6.

Consequently, exercising personal jurisdiction over any of the Regional Operating Entities, which lack minimum contact sufficient to justify specific jurisdiction, let alone general jurisdiction, would not comport with due process.

    **C.**    **Exercising Jurisdiction Over the Regional Operating Entities Would Violate Traditional Notions of Fair Play and Substantial Justice**

Due process also requires that the exercise of personal jurisdiction be "reasonable" and not in violation of "traditional notions of fair play and substantial justice." *Spademan*, 772 F.2d at 1191-93. Given the absence of minimum contacts by the Regional Operating Entities in Texas, this requirement needs no consideration *See Burger King*, 471 U.S. at 476; *Nutrition Physiology Corp. v. Eniros Ltd.*, 87 F. Supp. 2d 648, 651 (N.D. Tex. 2000) ("Only if the non-resident defendant purposefully establishes minimum contacts with the forum state does the court consider whether maintenance of the suit comports with the traditional notions of fair play and substantial justice."). Because the Regional Operating Entities' contacts with Texas fall far short of establishing either specific or general jurisdiction, the Court need not reach the fair play and substantial justice prong of the due process analysis.

If the Court were to reach this reasonableness inquiry, it would see that the exercise of personal jurisdiction over the Regional Operating Entities offends "traditional notions of fair play and substantial justice." Several factors inform the assessment of whether jurisdiction comports with due process, including "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Burger King,* 471 U.S. at 477 (internal quotation marks omitted). These factors weigh heavily in favor of granting the Regional Operating Entities' motion to dismiss: the overwhelming burden of subjecting these foreign corporations to litigation within this forum clearly outweighs the attenuated interests of the non-resident plaintiff and the state in adjudicating this dispute. The exercise of jurisdiction over the Regional Operating Entities therefore would violate traditional notions of fair play and substantial justice.

## II. CONCLUSION

For the reasons stated above, Defendants Verizon California Inc., Verizon Delaware LLC, Verizon Florida LLC, Verizon Maryland Inc., Verizon New England Inc., Verizon New Jersey Inc., Verizon New York Inc., Verizon Northwest Inc., Verizon Pennsylvania Inc., Verizon South Inc., and Verizon Virginia Inc. respectfully request that their motion to dismiss for lack of personal jurisdiction be granted.

Respectfully submitted,

Date: June 1, 2009

By: /s/ *Damon Young*
Damon Young / SBN 22176700
YOUNG, PICKETT & LEE
4122 Texas Boulevard, P.O. Box 1897
Texarkana, TX 75504
(903) 794-1303
(903) 792-509 (fax)

Roderick R. McKelvie (admitted *pro hac vice*)
George F. Pappas (admitted *pro hac vice*)
Anna Cross (admitted *pro hac vice*)
Anne Lee (admitted *pro hac vice*)
Christina Olson (admitted *pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-6000
(202) 662-6291 (fax)

*ATTORNEYS FOR DEFENDANTS VERIZON CALIFORNIA INC., VERIZON DELAWARE LLC, VERIZON FLORIDA LLC, VERIZON MARYLAND INC., VERIZON NEW ENGLAND INC., VERIZON NEW JERSEY INC., VERIZON NEW YORK INC., VERIZON NEW JERSEY INC., VERIZON NORTHWEST INC., VERIZON PENNSYLVANIA INC., VERIZON SOUTH INC., AND VERIZON VIRGINIA INC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 1st day of June, 2009.

                                                            /s/ *Damon Young*
                                                            Damon Young