**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CENTRE ONE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:08-cv-467 LED |
| | § | |
| VONAGE HOLDINGS CORP., | § | |
| VONAGE AMERICA INC., | § | |
| VERIZON COMMUNICATIONS INC., | § | |
| VERIZON LONG DISTANCE LLC, GTE | § | |
| SOUTHWEST INCORPORATED (D/B/A | § | **JURY TRIAL DEMANDED** |
| VERIZON SOUTHWEST), VERIZON | § | |
| CALIFORNIA INC., VERIZON | § | |
| DELAWARE LLC, VERIZON FLORIDA | § | |
| LLC, VERIZON MARYLAND INC., | § | |
| VERIZON NEW ENGLAND INC., | § | |
| VERIZON NEW JERSEY INC., VERIZON | § | |
| NEW YORK INC., VERIZON NORTH | § | |
| INC., VERIZON NORTHWEST INC., | § | |
| VERIZON PENNSYLVANIA INC., | § | |
| VERIZON SOUTH INC., VERIZON | § | |
| VIRGINIA INC., and DELTATHREE, INC., | § | |
| | § | |
| Defendants. | § | |

## DELTATHREE'S RENEWED MOTION TO DISMISS PURSUANT TO RULE 41(b)

Defendant deltathree, Inc. ("deltathree") hereby moves pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rules CV-7 and CV-41 and asks that the Court enforce its April 22, 2010 Order (Docket No. 260) in which it ordered that the case be dismissed pursuant to Rule 41(b) if Plaintiff did not retain counsel within sixty days of the Order, as explained below.

**I.      FACTS**

Centre One brought this action against various Verizon entities, Vonage entities and deltathree in December of 2008, though the case is still in early stages. On February 19, 2010, the Court entered an Order (Docket No. 251) staying this action for sixty days to allow Centre One's then-counsel to withdraw and Centre One to retain and bring new counsel up to speed. *See* Order.  The stay expired on April 20, 2010 with no counsel for Centre One making an appearance and no request from Centre One for an extension of time prior to expiration of the stay period.  On April 21, 2010, Defendant deltathree, a small, publicly traded company with 34 full-time employees filed a motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. Rule 41(b), with a Declaration of Mr. Baruch attached setting forth the material, adverse impact the lawsuit has had on deltathree's finances and ability to raise capital needed by the Company to ensure its survival.  On April 22, 2010, Donald Feuer of Centre One filed a letter (Docket No. 259) requesting ninety additional days to retain counsel. On the same day the Court entered an Order (Docket No. 260) Ordering the case dismissed pursuant to Rule 41(b) for failure to prosecute if plaintiff has not retained counsel in sixty days.  The additional sixty day period expired on June 21, 2010 and no counsel for CentreOne has appeared.

**II.     ARGUMENT**

Plaintiff Centre One has not prosecuted this case past the early stages of discovery, *see* February 24, 2010 Order at 6 (Docket No. 256), and has not retained new counsel to pick up prosecution of this case after the withdrawal of its previous counsel within two sixty day stay periods set by the Court.  Centre One, therefore, has not complied with the Court's February 19 Order (Docket No. 251) or the Court's April 22, 2010 Order (Docket No. 260) and has failed to prosecute its case.

At the same time, the pendency of this case has had, and continues to have, a material, adverse affect on the ability of Defendant deltathree to obtain capital it needs to survive. For this reason, Defendant deltathree respectfully requests that this Court grant deltathree's motion to dismiss this action against it and enforce its Order of April 22, 2010 (Docket No. 260).

WHEREFORE, deltathree respectfully requests that this Court enter an order, substantially in the form of the proposed order attached hereto, dismissing Centre One's claims against deltathree pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Deltathree stipulates that if the Motion is granted, deltathree withdraws its Counterclaims against Centre One without prejudice.

Dated: June 22, 2010

By: */s/ E. Glenn Thames, Jr.*
Robert C. Bertin (admitted *pro hac vice*)
Warren Anthony Fitch (admitted *pro hac vice*)
Tuhin Ganguly (Admitted *pro hac vice*)
**BINGHAM MCCUTCHEN**
2020 K Street NW
Washington, DC 20006-1806
(202) 373-6672 (telephone)
(202) 373-6001 (facsimile)

E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
**POTTER MINTON**
110 N. College
500 Plaza Tower
Tyler, TX 75702
(903) 597-8311 (telephone)
(903) 593-0846 (facsimile)

*Attorneys for Defendant deltathree, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that counsel of record who are deemed to have consented to electronic service are being served on this 22nd day of June, 2010 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

Additionally, we have sent a copy by registered mail of this Motion to Dismiss Pursuant to Rule 41(b) to the address of Centre One.

/s/ *E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.

A/73358295.1