# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **CENTRE ONE,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 6:08CV467** |
| **vs.** | § | |
| | § | |
| **VONAGE HOLDINGS CORP., et. al,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Verizon's Motion to Transfer Venue to the United States District Court for the District of New Jersey (Docket No. 218) is before the Court. Having considered the parties' written submissions and oral arguments, the Court **DENIES** the motion.

## BACKGROUND

On December 5, 2008 Centre One filed this action for infringement of U.S. Patent No. 7,068,668 (the "'668 patent) against Vonage, Verizon Communication Inc.("VCI"), and Deltathree. Vonage and Deltathree then moved to transfer venue to the District of New Jersey, and VCI moved to dismiss for lack of personal jurisdiction. On March 23, 2009, Centre One amended its complaint, joining regional Verizon entities ("the Regional Verizons"), Verizon Long Distance, LLC ("VLD"), and GTE Southwest Inc. d/b/a Verizon Southwest ("Verizon Southwest"). After the Court denied VCI's motion to dismiss without prejudice and allowed for limited jurisdictional discovery, Centre One and the Verizon Defendants agreed to replace VCI in the suit with two other Verizon entities.

1

At the hearing on Vonage's and Deltathree's motions to transfer, the Verizon Defendants informed the Court that did not oppose the motion to transfer. See Docket No. 109 at 33:2–5. The Verizon Defendants did not however submit any briefing on the motion to transfer. The Court denied the motions to transfer, finding that four factors favored denying transfer and the remaining transfer factors were neutral.

Five months later, the Verizon Defendants filed their own motion to transfer to the District of New Jersey in light of recent Federal Circuit caselaw. The Verizon Defendants also challenge the Court's factual determinations used in its earlier transfer analysis. In essence, the Verizon Defendants are asking the Court to reconsider its prior order denying transfer.

## RECONSIDERATION

"Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *MHL Tek, LLC v. Nissan Motor Co.*, 2009 WL 440627 at *2, 2:07cv289 Docket No. 251 (E.D. Tex. Feb. 23, 2009) (Ward, J.); *Tex. Instruments, Inc. v. Hyundai Elecs. Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999)(Heartfield, J.). Motions to reconsider are not appropriate to raise arguments that could or should have been made previously or to re-urge matters that a court has already considered. *Tex. Instruments*, 50 F. Supp. 2d at 621. A motion to reconsider based on recycled arguments only serves to waste a court's resources. *Id.*; *MHL Tek, LLC v. Nissan Motor Co.*, 2009 WL 440627 at *2.

The Court previously considered transferring the case to the District of New Jersey. The Verizon Defendants made the strategic decision not to participate in that briefing. To allow them to now re-raise the issue would encourage never ending serial motion practice in multi-defendant cases. Such a practice would bog the Court and the parties down with repetitive briefs, waste the

2

Court's resources, increase all sides' litigation expenses, and would be the antithesis of judicial efficiency. Accordingly, the Verizon Defendants waived any rights to challenge venue in this case. However, even if the Verizon Defendants' had not waived their venue objections, transfer is not warranted in this case.

## TRANSFER

The Verizon Defendants contend that three of the four factors that Court previously found to not favor transfer now do favor transfer under recent Federal Circuit authority. However, transfer is still not warranted in light of the current case law.

### Applicable Law

Defendants argue that they are entitled to transfer under 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold inquiry is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious,

and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen II*, 545 F.3d at 314-15. Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

**Analysis**

*The Relative Ease of Access to Sources of Proof*

Despite technological advances that certainly lighten the relative inconvenience of transporting large amounts of documents across the country, this factor is still a part of the transfer analysis. *In re Volkswagen II*, 545 F.3d at 316. Courts analyze this factor in light of the distance that documents, or other evidence, must be transported from their existing location to the trial venue. *See In re Volkswagen II*, 545 F.3d at 316. This factor will turn upon which party, usually the accused infringer, will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues. *See, e.g., In re*

4

*Volkswagen II*, 545 F.3d at 314-15; *In re Nintendo*, 589 F.3d at 1199; *In re Genentech*, 566 F.3d at 1345.  However, documents that have been moved to a particular venue in anticipation of a venue dispute should not be considered.  *In re Hoffman-La Roche Inc.*, 587 F.3d 1333. 1336–37 (Fed. Cir. 2009).

Previously, the Court determined that this factor weighed against transfer because the Regional Verizon Defendants had documents located across the country.  The Verizon Defendants now contend that their documents are concentrated in and around the District of New Jersey.  This factor alone exemplifies the inefficiencies of Verizon's delay in moving to transfer.  Verizon is arguing that the Court previously made false assumptions about the facts.  However, it was Verizon's failure to participate in the previous briefing and silence on the issue that caused the Court to have any misimpression of the facts.  The location of the Verizon documents was obviously known to Verizon when the earlier motions were briefed.  The Court will not reward Verizon for withholding pertinent information in order to have a second bite at the transfer apple.

Futher, there is likely very important evidence in Irving, Texas.  Prior to the suit, the inventor, Donald Feuer, and VCI conducted negotiations in Irving, Texas.  The Court previously found that this case did not arise out of those negotiations, and the Verizon Defendants now argue that determination means those negotiations are not relevant to this case.  However, the Court expressly stated that the negotiations may serve as evidence of willfulness.  Docket No. 155 at 8.  This will be important evidence to Centre One, and this evidence would be substantially more convenient to transport to the Eastern District of Texas than to the District of New Jersey.

Additionally, the accused FiOS system was launched in Irving, and therefore documents relevant to FiOS are likely located in Texas.  The Verizon Defendants argue that Centre One has not

proven that there are relevant Verizon documents in Texas.  However, the Verizon Defendants have also not filed any sworn declarations that there are no relevant documents in Texas.  The Verizon Defendants' attempt to put the burden of proof on Centre One regarding the Verizon Defendants' own documents is inappropriate and unrealistic.

Since the Verizon Defendants had a full and fair opportunity to present evidence on the location of their documents the first time a motion to transfer was considered, the Court gives no weight to the location of those documents now.  In light of the documents in Texas that are relevant and important to Centre One's case, this factor does not favor transfer.

*The Availability of Compulsory Process to Secure the Attendance of Witnesses*

This factor will weigh more heavily in favor of transfer when more third-party witnesses reside within the transferee venue.  *See In re Volkswagen II*, 545 F.3d at 316.  The factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *In re Volkswagen II*, 545 F.3d at 316.  "Absolute subpoena power" is subpoena power for both depositions and trial.  *In re Hoffmann-La Roche Inc.*, 587 F.3d at 1338.

Since the parties had not identified any witnesses unwilling to attend trial, the Court previously found this factor was neutral.  In response to the Verizon Defendants' motion, Centre One identified four Verizon employees in the Dallas–Fort Worth area with knowledge relevant to this case.  Further, Centre One expects discovery to show Verizon has other Texas employees with knowledge of either the licensing negotiations with Mr. Feuer or the launch of the FiOS product, both of which took place in Irving.  The employees are not subject to the District's of New Jersey subpoena power, and the Verizon Defendants have made no assurances that it will secure its employees' attendance at trial.  Therefore, this factor weighs against transfer.

6

*The Cost of Attendance for Willing Witnesses*

This factor is analyzed giving broad "consideration [to] the parties and witnesses in all claims and controversies properly joined in a proceeding." *In re Volkswagen I*, 371 F.3d at 204. All potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case or their likelihood of being called to testify at trial. *See In re Genentech*, 566 F.3d 1343 ("Requiring a defendant to show that a potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary.").

The Fifth Circuit has adopted a "100 mile rule" to assist with analysis of this factor. *See In re Volkswagen I*, 371 F.3d at 204-205. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen I*, 371 F.3d at 205. When applying the "100 mile rule" the threshold question is whether the transferor and transferee venues are more than 100 miles apart. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. If so, then a court determines the respective distances between the residences (or workplaces) of all the identified material and relevant witnesses and the transferor and transferee venues. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. The "100 mile rule" favors transfer (with differing degrees) if the transferee venue is a shorter average distance from witnesses than the transferor venue. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. Furthermore, the existence or non-existence of direct flights can impact the analysis of travel time. *See In re Volkswagen I*, 371 F.3d at 204, n.3. Thus, regardless of the "straight line" distances calculated for the "100 mile rule," if "travel time" distances

7

Case 6:08-cv-00467-LED   Document 281   Filed 08/17/10   Page 8 of 11

favor the transferee venue, then this factor will favor transfer. However, the "100 mile rule" should not be rigidly applied. *See In re Genentech*, 566 F.3d 1344. When a particular witness will be required to travel "a significant distance no matter where they testify," then that witness is discounted for purposes of the "100 mile rule" analysis. *Id.* (discounting European witnesses and documents transported from Washington D.C. in the convenience analysis when reviewing a denial of transfer from Texas to California).

In cases where no potential witnesses are residents of the court's state, favoring the court's location as central to all of the witnesses is improper. *Id.* at 1344. Finally, this factor favors transfer when a "substantial number of material witnesses reside in the transferee venue" and no witnesses reside in transferor venue regardless of whether the transferor venue would be more convenient for all of the witnesses. *Id.* at 1344–45.

Previously, the Court found that this factor did not favor transfer because Verizon Southwest employs 16, 500 people with Texas and there are likely to be a great number of people in Texas with relevant information about Verizon Southwest's operations and its relationship with the other Defendants and because Centre One had identified eleven fact witnesses that are located closer to Texas than to New Jersey. The Verizon Defendants now argue that the majority of their witnesses will be from the New Jersey area. Again, the Verizon Defendants had an ample opportunity to present evidence on their witnesses' locations when the Court first considered the issue. Centre One has now identified two dozen third-party witnesses that are located closer to Texas than New Jersey, while the Verizon Defendants have failed to identify any third-party witnesses that would be inconvenienced by a trial in Texas. This factor does not favor transfer.

*Other Practical Problems*

Practical problems include those that are rationally based on judicial economy.  Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer.  *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*In re Volkswagen III*").

The interest of judicial economy weigh against transfer.  To find otherwise would encourage serial motion practice where the same motion is repeatedly filed by different parties.  As the Court previously stated, such a practice would bog the Court and the parties down with repetitious briefs, waste the Court's resources, increase all sides' litigation expenses, and would be the antithesis of judicial efficiency.  Accordingly, this factor strongly weighs against transfer.

*The Administrative Difficulties Flowing from Court Congestion*

The speed with which a case can come to trial and be resolved is a factor in the transfer analysis.  *In re Genentech*, 566 F.3d 1347.  This factor appears to be the most speculative, and this factor alone should not outweigh other factors.  *Id*.

At the hearing, the Verizon Defendants agreed that the time to trial in the District of New Jersey is thirty-five months.  This Court has set this case for trial on its December 2011 docket.  The Verizon Defendants admitted that an earlier trial date would reduce the parties' litigation expenses.  Accordingly, this factor weighs against transfer.

*The Local Interest in Having Localized Interests Decided at Home*

The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."  *In re Volkswagen I*, 371 F.3d at 206.  This factor analyzes the "factual connection" that a case has with both the transferee

and transferor venues.  *See In re Volkswagen I*, 371 F.3d at 206.  Generally, local interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests.  *In re Volkswagen II*, 545 F.3d at 318 (in a products liability suit, disregarding local interest of citizens who used the widely-sold product within the transferor venue); *In re TS Tech*, 551 F.3d at 1321.  Thus, when products are sold throughout the United States, citizens of a venue do not have a particularized interest in deciding the dispute simply based on product sales within the venue.  *In re Nintendo*, 589 F.3d at 1198.

This factor slightly favors transfer.  New Jersey, as the location of some Defendants, has a clear interest in this case.  However, the FiOS product was launched in the Northern District of Texas, and Verizon Southwest is located in the Northern District of Texas, which neighbors this District.  Many residents of this District work in the Northern District, and vice versa.  Accordingly, residents of this District have some interest in this case.

*The Familiarity of the Forum with the Law that Will Govern the Case* and *Avoidance of Unnecessary Problems of Conflict of Laws*

These factors are neutral.

*Conclusion*

Only the local interest factor favors transferring this case.  The remaining factors either weigh against transfer or are neutral.  Notably, judicial economy strongly weighs against transfer.  The Verizon Defendants have failed to show that transfer is clearly more convenient for the parties and witnesses.

This case is unlike *HTI IP LLC v. DriveOK, Inc.*, where this Court granted a motion to transfer.  *See* 6:09cv370 Docket No. 135, 2010 WL 3075200.  In *HTI*, the only connection to Texas

10

or the Eastern District was that three potential witnesses resided in Texas.  This case involves parties

in Texas, as well as relevant documents and witnesses.  Additionally, the *HTI* defendants were not

guilty of the gamesmanship that the Verizon Defendants have created.

## CONCLUSION

After deliberately and strategically choosing to not participate in an earlier motion to transfer

and thereby withhold relevant facts and arguments from the Court, the Verizon Defendants now ask

the Court to revisit the issue.  The Court will not tolerate such gamesmanship and waste of judicial

resources.  Accordingly, the Court **DENIES** Verizon's motion.


**So ORDERED and SIGNED this 17th day of August, 2010.**


_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**